IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARK WOODALL,                                §
MICHAEL P. MCMAHON,                          §
PAUL J. MADSON,                              §
Individually and on behalf of a class       §
of all similarly situated persons,          §        Civil Action No. 3:06-CV-0072-M
                                             §        ECF
            Plaintiffs,                      §        Judge Barbara M.G. Lynn
                                             §
v.                                           §
                                             §
AMERICAN AIRLINES, INC.,                     §
                                             §
            Defendant.                       §

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and among the following Parties (as defined below) to the above-entitled Litigation (as defined below):  The Representative Plaintiffs (as defined below), on behalf of themselves and each of the Settlement Class Members (as defined below), by and through their counsel of record in the Litigation, on the one hand, and American (as defined below), by and through its counsel of record in the Litigation, on the other.  The Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

I.     RECITALS

WHEREAS, on January 12, 2006, plaintiffs Mark Woodall, Michael P. McMahon, and Paul J. Madson filed a class action complaint in this case alleging that American violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301 *et seq.*, by denying them, and a putative class of pilots accrual of sick leave and vacation benefits while on military leaves.  The complaint was subsequently

amended twice, in October 2006 and January 2007, and American timely answered the

Representative Plaintiffs' Second Amended Complaint (as defined below) in February 2007;

WHEREAS, Representative Plaintiffs' Second Amended Complaint raises three

claims. First, Representative Plaintiffs allege that American violated USERRA by not allowing

pilots absent for military service to accrue vacation benefits to the same extent as pilots on

comparable forms of non-military leave. Second, Representative Plaintiffs allege that American

violated USERRA by not allowing pilots absent for military service to accrue sick leave benefits

to the same extent as pilots on comparable forms of non-military leave. Third, plaintiff Madson

alleges that American violated USERRA by denying him the opportunity to participate in the

pilot trip bidding process because of his military service in December 2002;

WHEREAS, the Parties intend to resolve plaintiff Madson's Trip Bidding Claim

(as defined below) through a separate settlement agreement;

WHEREAS, the Representative Plaintiffs to this Litigation seek, among other

things, declaratory, injunctive, and equitable relief, in addition to monetary damages, costs,

prejudgment interest, and restoration of allegedly lost vacation and sick leave benefits on behalf

of themselves and a putative class of pilots;

WHEREAS, extensive arms' length settlement negotiations with respect to the

Litigation have taken place by and among the Representative Plaintiffs, Settlement Class

Counsel (as defined below), and American, pursuant to which the Parties have: (i) conducted an

extensive investigation of the factual and legal issues involved in the Litigation; (ii) reviewed

voluminous documents, data compilations, and other materials relevant to Representative

Plaintiffs' claims and American's defenses; and (iii) retained separate consulting experts to

provide in-depth analyses of exchanged information;

WHEREAS, as a product of the negotiations, this Agreement, including its exhibits, embodies the terms and conditions of the compromise and settlement reached between the Representative Plaintiffs and the Settlement Class Members, on the one hand, and American, on the other, subject to final approval of the Court (as defined below);

WHEREAS, the Parties and Settlement Class Counsel believe that the compromise and settlement set forth in this Agreement contain significant benefits for the Settlement Class and, further, that the compromise and settlement set forth herein are lawful, fair, reasonable, adequate, and in the best interest of the Settlement Class; and

WHEREAS, without admitting liability for itself, and despite both its belief that it is not liable for each and every claim asserted and that it has good defenses thereto, American has concluded that it will enter into this Agreement solely to avoid the further expense, inconvenience, and burden of protracted and complex litigation, the risks inherent in uncertain complex litigation, and the distraction and diversion of its personnel and resources, and thereby to put this controversy finally to rest.

NOW, THEREFORE, for and in consideration of the foregoing recitals of mutual promises and covenants contained herein, and of the other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned, on behalf of the Representative Plaintiffs, the Settlement Class, and American, that the Litigation be fully and finally settled and compromised, subject to the approval of the Court and the following terms and conditions:

## II.   DEFINITIONS

As used in the Agreement, the following terms have the meanings specified below:

2.1    "1997 CBA" means the Agreement between American Airlines, Inc., and The Airline Pilots in the Service of American Airlines, Inc., as represented by the Allied Pilots Association, effective May 5, 1997.

2.2    "2003 CBA" means the Agreement between American Airlines, Inc., and The Airline Pilots in the Service of American Airlines, Inc., as represented by the Allied Pilots Association, effective May 1, 2003.

2.3    "American" means American Airlines, Inc.

2.4    "Court" means the United States District Court for the Northern District of Texas, Dallas Division.

2.5    "Defendant" means American.

2.6    "Effective Date" means the first date by which all of the events and conditions specified in paragraph 8.2 of the Agreement have been met and have occurred.

2.7    "Fairness Hearing" means the hearing at which the Court will consider and decide whether to finally certify the Settlement Class, approve this Agreement, enter the Final Order (as defined below), and make such other final rulings as are contemplated by this Agreement.

2.8    "Fairness Hearing Date" means the date set by the Court for the Fairness Hearing.

2.9    "Final" means:  (i) the date of final affirmance on an appeal from the Final Order, the expiration of the time for a petition for a writ of certiorari to review the Final Order and, if certiorari be granted, the date of final affirmance of the Final Order following review pursuant to that grant; or (ii) the date of final dismissal of any appeal from the Final Order or the final dismissal of any proceeding on certiorari to review the Final Order; or (iii) if no appeal is

filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Final Order.

2.10   "Final Order" means the Order to be entered by the Court, substantially in the form attached hereto as Exhibit "4," which (i) approves the settlement; (ii) certifies the class; (iii) retains jurisdiction to enforce the Agreement during the Injunctive Period (as defined below); (iv) dismisses the Trip Bidding Claim with prejudice; and (v) dismisses the remainder of the Litigation without prejudice without further motion, order, or action of the Court. As this Order will resolve all matters between the Settlement Class and American, and no further contingencies or known controversies will thereafter remain, this Order will constitute a final and appealable decision pursuant to 28 U.S.C. § 1291.

2.11   "Injunctive Period" means three years from the Effective Date.

2.12   "Litigation" means the action commenced on January 12, 2006, by the Representative Plaintiffs against American in the United States District Court for the Northern District of Texas, Dallas Division, under that Court's docket number Civil Action No. 3:06-CV-0072-M.

2.13   "Madson" means Paul J. Madson, a named plaintiff in the Litigation.

2.14   "Notice" means the Notice of Proposed Settlement of Class Action and Settlement Hearing to be approved by the Court, substantially in the form attached hereto as Exhibit "1."

2.15   "Objection Date" means the date set by the Court for objectors to file objections to the Agreement in accordance with paragraphs 6.1(j) and 6.2.

2.16   "Parties" means, collectively, the Representative Plaintiffs, on behalf of themselves and the Members of the Settlement Class, and American.

2.17    "Person(s)" means an individual, estate, legal representative, trust, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

2.18    "Preliminary Approval Date" means the date the Court signs the order substantially in the form of the Preliminary Order (as defined below), which, *inter alia*, conditionally certifies the Settlement Class and the Settlement Sub-Classes (as defined below); preliminarily approves this Agreement; approves the Notice and Public Notice and orders the mailing and publication, respectively, of the Notice and Public Notice; and provisionally designates the Representative Plaintiffs as representatives of the Settlement Class and Esther G. Lander, John P. Cunningham, and Andrew Braniff, of the U.S. Department of Justice, Civil Rights Division as counsel for the Settlement Class.

2.19    "Preliminary Approval Hearing" means the hearing set by the Court, in its discretion, to consider, *inter alia*, whether to preliminarily approve this Agreement and conditionally certify the Settlement Class.

2.20    "Preliminary Order" means the Order Conditionally Certifying the Settlement Class, Preliminarily Approving the Agreement, Approving Forms of Class Notice and Scheduling a Fairness Hearing, to be entered by the Court, substantially in the form attached hereto as Exhibit "3."

2.21    "Public Notice" means the summary notice to be approved by the Court and published on https://www.aapilots.com, substantially in the form attached hereto as Exhibit "2."

2.22    "PVD" means a personal vacation day as that term is defined in the 1997 CBA.

2.23    "Qualified Leave" and "Qualifying Military Leave" means any military leave for a duration of sixteen (16) consecutive days or less.

2.24    "Related Parties" means American's parent, and each of American's and American's parent's respective current and former principals, partners, managers, shareholders, employees, directors, successors, predecessors, assigns, insurers, agents, administrators, attorneys, trustees, accountants, advisors, associates, executors, trusts, and representatives of any kind.

2.25    "Release" means the release set forth in paragraph 9.1 of this Agreement.

2.26    "Released Claims" means claims under USERRA by any of the Representative Plaintiffs and/or Settlement Class Members against any of the Released Persons (as defined below) that arise out of, or are based upon, the Vacation Accrual Claim (as defined below) or the Sick Leave Accrual Claim (as defined below), including individual, or class claims (including Unknown Claims as defined below), complaints, grievances, liabilities, obligations, promises, agreements, damages, rights, debts, duties, demands, controversies, liens, actions, administrative proceedings, sums of money, lawsuits, interest, suits, judgments, decrees, penalties, sanctions, injuries, contributions, indemnities, compensation, costs, losses, and expenses (including attorneys' fees and expenses), fees, actions, potential actions, matters, issues, and controversies, whether known or unknown, fixed or contingent, whether asserted or unasserted, whether pleaded or unpleaded, whether suspected or unsuspected, from January 1, 2001, until February 29, 2008; provided, however, that the Released Claims shall not include the Trip Bidding Claim, which is the subject of a separate settlement agreement, and the Released Claims shall not include claims based on incidents occurring before January 1, 2001, or after February 29, 2008.

2.27    "Released Persons" means American and the Related Parties.

2.28    "Representative Plaintiffs" means the Settlement Class plaintiffs Mark

Woodall, Michael P. McMahon, and Paul J. Madson.

2.29    "Second Amended Complaint" means the Second Amended Complaint –

Class Action, filed by the Representative Plaintiffs on January 16, 2007, but shall not include the

Trip Bidding Claim which is the subject of a separate settlement agreement and pursuant to the

representation to the Court in a letter submitted within ten business days after the execution of

the separate settlement agreement, is now moot and will be dismissed with prejudice in the Final

Order.

2.30    "Settlement Class" means all Persons (including the Representative

Plaintiffs) who are or were employed by American as pilots for any length of time from

January 1, 2001 through February 29, 2008, inclusive, who have taken, were eligible to take, or

may take a military leave of absence due to service in the United States Uniformed Services (as

defined below).

2.31    "Settlement Class Counsel" means Esther G. Lander, John P.

Cunningham, and Andrew Braniff, U.S. Department of Justice, Civil Rights Division,

Employment Litigation Section, 950 Pennsylvania Avenue, N.W., Patrick Henry Building,

Fourth Floor, Washington, DC 20530, (202) 514-3831.

2.32    "Settlement Class Member(s)" or "Member(s) of the Settlement Class"

means a Person who falls within the definition of the Settlement Class as set forth in Section 2.30

of the Agreement.

2.33    "Settlement Class Period" means the period from January 1, 2001 through

February 29, 2008, inclusive.

2.34   "Settlement Sub-Classes" means the sub-classes defined herein, including the Sick Leave Accrual Sub-Class (as defined below) and Vacation Accrual Sub-Class (as defined below).

2.35   "Settlement Sub-Class Members" and "Members of the Settlement Sub-Classes" means a Person who falls within the definition of the Sick Leave Accrual Sub-Class and/or the Vacation Accrual Sub-Class.

2.36   "Sick Leave Accrual Claim" means all claims and allegations set forth in the Second Amended Complaint that are related to, concerning, or regarding American's alleged violations of USERRA in reducing and/or denying the accrual of sick leave time or other sick leave benefits to pilots that took or had the ability to take military leaves during the Settlement Class Period.

2.37   "Sick Leave Accrual Sub-Class" means all Settlement Class Members who did not obtain sick leave benefits during a month in which he or she took a Qualified Leave.

2.38   "Trip Bidding Claim" means Madson's claim that American allegedly violated USERRA by denying him the opportunity to participate in the pilot trip bidding process because of his military service in December 2002, as alleged in the Second Amended Complaint.

2.39   "Unknown Claims" means any Released Claim(s) which any of the Representative Plaintiffs and/or Settlement Class Members do not now know or suspect exists in his, her, or its favor at the time of this Agreement and the release of the Released Persons which, if known by him, her or it, might have affected his, her or its decision to enter into this Agreement (and its terms and conditions of settlement) with and release of the Released Persons, or might have affected his, her or its decision not to object to this Agreement and this settlement. The Representative Plaintiffs and Settlement Class Members may hereafter discover facts in

addition to or different from those which they now know or believe to be true with respect to the

subject matter of the Released Claims, but, upon the Effective Date, the Representative Plaintiffs

shall expressly and each Settlement Class Member, shall be deemed to have, and by operation of

the Final Order shall have, fully, finally and forever settled and released any and all Released

Claims (including Unknown Claims).  The foregoing waiver was separately bargained for and a

key element of the settlement of which the Release is a part.

   2.40 "Uniformed Services" means the Armed Forces, the Army National

Guard, and the Air National Guard when engaged in active duty for training, inactive duty

training, or full-time National Guard duty, the commissioned corps of the Public Health Service,

and any other category of persons designated by the President in time of war or national

emergency.

   2.41 "USERRA" means the Uniformed Services Employment and

Reemployment Rights Act of 1994, 38 U.S.C. ¶ 4301, *et seq.*

   2.42 "Vacation Accrual Claim" means all claims and allegations set forth in the

Second Amended Complaint that are related to, concerning, or regarding American's alleged

violations of USERRA in reducing and/or denying vacation benefits to pilots that took or had the

ability to take military leaves during the Settlement Class Period.

   2.43 "Vacation Accrual Sub-Class" means all Settlement Class Members who

did not obtain vacation benefits during a month in which he or she took a Qualified Leave during

the Settlement Class Period.

## III. DEFINITION OF SETTLEMENT CLASS

   <u>Definition of Settlement Class</u>.  For purposes of this Agreement only, the Parties

hereto agree to the certification of a Settlement Class, which class shall consist of all Persons

(including the Representative Plaintiffs), who are or were employed by American as pilots for

any length of time from January 1, 2001 through February 29, 2008, inclusive, who have taken, were eligible to take, or may take a military leave of absence due to service in the United States Uniformed Services.

## IV.    THE INJUNCTIVE AND FINANCIAL BENEFIT TO SETTLEMENT CLASS MEMBERS

4.1    <u>Injunctive Benefit</u>. For each Settlement Class Member, American shall make available, in accordance with the following terms and conditions, the following injunctive benefits to or on behalf of each Settlement Class Member:

a.    American shall comply with the provisions of USERRA.

b.    Upon the Effective Date, and during the Injunctive Period, American shall provide all currently employed pilots who are in the Uniformed Services and who take a Qualified Leave all vacation and sick leave benefits that would be afforded such pilots if they were not absent for such Qualified Leave.

c.    Upon the Effective Date and during the Injunctive Period, American shall make this Agreement available to all pilots and flight management personnel on the Internet at https://www.aapilots.com.

d.    Upon the Effective Date, American shall, if necessary, modify any agreement, practice, order, or policy currently in place to ensure that all currently employed pilots who are in the Uniformed Services and who take a Qualified Leave are provided all vacation and sick leave benefits that would be afforded such pilots if they were not absent for such Qualified Leave. Further, during the Injunctive Period, American shall not establish or adopt any agreement, practice, order, or policy unless it ensures that all pilots who are in the Uniformed Services and who take a Qualified Leave are provided all vacation and sick leave benefits that would be afforded such pilots if they were not absent for such Qualified Leave.

.   e.      Upon the Effective Date and during the Injunctive Period, and although no such allegations have been raised in this Litigation, American shall continue to not take any action against any future, current, or former employee because he or she has opposed discrimination on the basis of membership in the Uniformed Services, filed a charge of a violation of USERRA, testified, furnished information or participated in any manner in any investigation, proceeding or hearing in connection with any charge or complaint of a violation of USERRA, or participated in any manner in connection with the monitoring or implementation of this Agreement, or sought and/or received any monetary and/or non-monetary relief pursuant to this Agreement.

4.2     Financial Benefit.  In full, complete, and final resolution and settlement of the Released Claims, American shall pay the total sum of $345,772.80 as remedial compensation to certain Settlement Class Members and to provide sick leave credits as remedial relief to certain Settlement Class Members.  In this regard, for each Member of the Settlement Sub-Classes, American shall make available, on the following terms and conditions, the following financial benefits:

a.      Sick Leave Accrual Sub-Class.

(1)      For members of the Sick Leave Accrual Sub-Class who are currently-employed by American and did not obtain sick leave benefits during a month in which he or she took a Qualified Leave and did not, during the Settlement Class Period, subsequently expend all available sick leave, American shall credit such pilots with sick leave equal to the maximum number of sick leave hours that each would have accrued had he or she not taken the Qualified Leave, as follows:

(a)     For members of the Sick Leave Accrual Sub-Class who had a Qualified Leave between January 1, 2001 and April 30, 2003, each sick day not accrued as a result of such Qualified Leave shall be converted to hours and credited at the rate of 6.7 hours per day of reduced or non-accrued sick leave.

(b)     For members of the Sick Leave Accrual Sub-Class who had a Qualified Leave between May 1, 2003 and February 29, 2008, each sick day not accrued as a result of such Qualified Leave shall be credited at a rate of 5 hours of sick leave per month.

(c)     A list, by redacted employee identification number, of the Sick Leave Accrual Sub-Class members who are to receive sick leave credits and the calculations of the sick leave to be credited to them is attached hereto as Exhibit "A."

(2)     Additionally, for members of the Sick Leave Accrual Sub-Class whose sick leave accrual was reduced in a month in which the Settlement Class Member took a Qualified Leave during the Settlement Class Period and who subsequently expended all available sick leave during the Settlement Class Period, American shall provide such pilots with remedial compensation at a rate of 3.25 hours per day of sick leave reduced as a result of the Sick Leave Accrual Sub-Class member's Qualified Leave. Such rate shall be multiplied by the Sick Leave Accrual Sub-Class member's highest rate of pay for the year in which his or her sick leave was reduced as a result of the Sick Leave Accrual Sub-Class member's Qualified Leave. American shall pay interest on this amount at the rate of 4.3 percent compounded annually through February 29, 2008. A list, by redacted employee identification number, of the Sick Leave Accrual Sub-Class members who are to receive remedial compensation and calculations of their individual payments is attached hereto as Exhibit "B."

b.    <u>Vacation Accrual Sub-Class</u>.  American shall provide remedial

compensation to the Vacation Accrual Sub-Class as follows:

(1)    For members of the Vacation Accrual Sub-Class who regularly

flew reserve status during a year in which they took a Qualified Leave and subsequently had

their vacation accrual reduced as a result of such Qualified Leave, American shall provide

remedial compensation at the rate of 3.25 hours per day of reduced vacation.  Such rate shall be

multiplied by the Vacation Accrual Sub-Class member's highest rate of pay for the year in which

his or her vacation accrual was reduced as a result of the Vacation Accrual Sub-Class member's

Qualified Leave.  American shall pay interest on this amount at the rate of 4.3 percent

compounded annually through February 29, 2008.  A list of the individuals entitled to receive

said payments, identified by redacted employee identification numbers, and calculation of their

individual payments is attached hereto as Exhibit "C."

(2)    For members of the Vacation Accrual Sub-Class who regularly

flew lineholder status during a year in which they took a Qualified Leave between January 1,

2001 and April 30, 2003, and subsequently had their vacation accrual reduced as a result of such

Qualified Leave, American shall provide remedial compensation at a rate equal to the number of

hours of pay commensurate with the average number of hours used for a PVD by pilots at

American during the year of reduced accrual.  Such rate shall be multiplied by the Vacation

Accrual Sub-Class member's highest rate of pay for the year in which his or her vacation accrual

was reduced as a result of the Vacation Accrual Sub-Class member's Qualified Leave.

American shall pay interest on this amount at the rate of 4.3 percent compounded annually

through February 29, 2008.  A list of the individuals entitled to receive said payments, identified

by redacted employee identification numbers, and calculation of their individual payments is attached hereto as Exhibit "D."

(3)     For members of the Vacation Accrual Sub-Class who regularly flew lineholder status during a year in which they took a Qualified Leave between May 1, 2003 and February 29, 2008, and subsequently had their vacation accrual reduced as a result of such Qualified Leave, American shall provide remedial compensation at the rate of 3.25 hours per day of reduced vacation.  Such rate shall be multiplied by the Vacation Accrual Sub-Class member's highest rate of pay for the year in which his or her vacation accrual was reduced as a result of the Vacation Accrual Sub-Class member's Qualified Leave.  American shall pay interest on this amount at the rate of 4.3 percent compounded annually through February 29, 2008.  A list of the individuals entitled to receive said payments, identified by redacted employee identification numbers, and calculation of their individual payments is attached hereto as Exhibit "E."

4.3     All individual monetary compensation paid by American under this Agreement shall be paid in accordance with Section X.

**V.     COMPROMISE AGREEMENT**

5.1     <u>Settlement Negotiations</u>.  The Parties have determined to enter into this Agreement solely in order to avoid further expense, inconvenience and delay and to dispose of extremely expensive and burdensome litigation, and American has agreed to stipulate to the certification of the Settlement Class described herein pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure solely for settlement purposes on the terms set forth in this Agreement.  This Agreement and the settlement provided for herein, whether or not consummated, and all related negotiations, statements and proceedings are the result of a compromise of disputed claims (and if the Agreement is not consummated, all such statements

and proceedings are encompassed by Rule 408 of the Federal Rules of Evidence and analogous

state rules of evidence), and are not and shall not in any event be:

        a.     construed as or deemed to be evidence of a presumption,

concession or an admission by any of the Parties of the truth of any fact alleged or the validity of

any claim or defense which has or could have been asserted in any litigation, or the deficiency of

any claim or defense which has or could have been asserted in any litigation, or of any liability,

fault, wrongdoing or otherwise of the Parties or as a presumption, concession or an admission of

any infirmity of any claim or defense asserted by any of the Parties; or

        b.     offered or received as evidence of a presumption, concession or an

admission of any fault, misrepresentation or omission in any statement or written document

approved or made by any of the Parties; or

        c.     offered or received as evidence of a presumption, concession or an

admission of any liability, fault or wrongdoing alleged or in any way referred to by any of the

Parties in the Litigation or in any other civil, criminal or administrative action or proceeding

other than such proceedings as may be necessary to effectuate the provisions of this Agreement;

or

        d.     construed as an admission or concession by American that a class

under USERRA is or should be certified.

## VI.    PRELIMINARY ORDER AND OBJECTIONS

        6.1    Preliminary Order.  Promptly after the execution of this Agreement,

Representative Plaintiffs shall submit this Agreement to the Court and shall present to the Court

a joint motion for entry of the Preliminary Order, accompanied by a memorandum in support

thereof, which, among other things, asks the Court to:

a.      Conditionally certify the Settlement Class and Settlement Sub-

Classes.

b.      Find that the Representative Plaintiffs fairly and adequately

represent the interests of the Settlement Class and have claims typical of members of the

Settlement Class and provisionally designate them as representatives for the Settlement Class

and Settlement Sub-Classes.

c.      Find preliminarily that counsel for Representative Plaintiffs fairly

and adequately represent the interests of the Settlement Class and Settlement Sub-Classes, and

provisionally designate them as Settlement Class Counsel.

d.      Find that the terms of the settlement contemplated by this

Agreement fall within the range of possible approval, and therefore order that the Agreement be

preliminarily approved.

e.      Schedule a Fairness Hearing on the Agreement.

f.      Approve the Notice and Public Notice, which the Parties agree is

appropriate notice and is reasonably calculated to apprise Settlement Class Members of the

pendency of the Litigation, the Agreement, and their rights thereunder.

g.      Direct American to mail, via first class postage, to the last known

address of all Representative Plaintiffs and Settlement Class Members, the approved Notice

within thirty (30) days of the Court entering the Preliminary Order.

h.      Direct American to publish the approved Public Notice on the

Internet at https://www.aapilots.com within fifteen (15) days of the Court entering the

Preliminary Order.

i.      Direct Settlement Class Counsel to establish a specific electronic mail inquiry address, which shall be identified in the Public Notice and Notice, for the purpose of enabling Settlement Class Members to obtain copies of the Notice and to make inquiries with respect to the Agreement.  It shall be the responsibility of Settlement Class Counsel to respond to inquiries of Settlement Class Members, pursuant to a specific electronic mail inquiry address or otherwise, as appropriate.  Settlement Class Counsel shall maintain this specific electronic mail inquiry address described in this paragraph for six (6) months after the Effective Date of this Agreement.

j.      Provide that objections to the Agreement shall be heard at the Fairness Hearing and that objectors shall serve, by the Objection Date, written notice of their intention to appear and all papers in support of their objections upon:  (a) Esther G. Lander, Esq., John P. Cunningham, Esq., and Andrew Braniff, Esq., U.S. Department of Justice, Civil Rights Division, Employment Litigation Section, 950 Pennsylvania Avenue, N.W., Patrick Henry Building, Fourth Floor, Washington, DC 20530, attorneys for the Representative Plaintiffs and the Settlement Class; and (b) Ralph I. Miller, Esq. and Michelle Hartmann Murawski, Esq., of Weil, Gotshal & Manges LLP, 200 Crescent Court, Suite 300, Dallas, TX  75201, attorneys for the Defendant, or else be deemed to have waived and be forever foreclosed and barred from asserting such objections.  No later than twenty (20) days prior to the Fairness Hearing, Settlement Class Counsel shall file all objections and supporting papers received pursuant to these instructions with the Clerk of the Court at United States District Court, Northern District of Texas, 1100 Commerce Street, Room 1452, Dallas, Texas.

k.      Find that American has fully complied with the notice provisions pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

6.2    <u>Objections</u>. The objections to be filed by the Objection Date by any Settlement Class Member who wishes to be considered at the Fairness Hearing should include the following:

      a.    A statement of each objection asserted;

      b.    A detailed description of the facts underlying each objection;

      c.    A statement of whether the objector intends to appear and argue at the Fairness Hearing and, if so, how long the objector anticipates needing to present the objection;

      d.    All exhibits and statements that the objector may offer during the Fairness Hearing; and

      e.    A list of all witnesses that the objector may call to testify live during the Fairness Hearing, and a summary of their anticipated testimony.

6.3    <u>Preliminary Approval Hearing</u>. If the Court, in its discretion, chooses to conduct a Preliminary Approval Hearing, the Parties will present arguments and evidence in support of the motion for entry of the Preliminary Order. If the Court grants the motion and enters the Preliminary Order, with or without holding a Preliminary Approval Hearing, then the Parties will proceed with the process outlined herein.

6.4    <u>Effect of Denial of Motion for Preliminary Order</u>. Other than to effectuate this Agreement, the Parties do not agree to the conditional certification of the Settlement Class, the provisional designation of Settlement Class Counsel, or the provisional designation of the Representative Plaintiffs as representatives of the Settlement Class for any purpose. If this Agreement is terminated pursuant to its terms, or if the Effective Date does not occur for any reason, then the conditional certification of the Settlement Class and the provisional designation

of the Representative Plaintiffs and Settlement Class Counsel shall be automatically vacated, and

the Litigation shall proceed as though the Settlement Class had never been conditionally certified

and as though the provisional designations of the Representative Plaintiffs and Settlement Class

Counsel had not been made, without prejudice to Representative Plaintiffs' right to file a motion

to certify a class or classes and to seek appointment of class representatives and class counsel,

and without prejudice to American's right to assert any and all defenses to class certification,

including, but not limited to, the propriety of a class or classes and/or to the substantive

allegations asserted by Representative Plaintiffs and the putative class or classes. This provision

survives termination of this Agreement.

## VII. FINAL ORDER

7.1    <u>Final Order</u>. If the Court grants final approval of the settlement embodied

in this Agreement, the Parties to this Agreement shall submit to the Court for entry pursuant to

Rule 23 of the Federal Rules of Civil Procedure the Final Order, that will constitute a final and

binding decision within the meaning of 28 U.S.C. § 1291 and immediately be subject to appeal,

and that will:

a.    Determine that the Litigation may be maintained as a class action

on behalf of the Settlement Class and for settlement purposes;

b.    Finally approve the Agreement as fair, reasonable, and adequate as

to Members of the Settlement Class, and direct the consummation and performance of the terms

of this Agreement;

c.    Find that Woodall, Madson, and McMahon, as representatives of

the Settlement Class, fairly and adequately represent the interests of the Settlement Class; that

they have in fact fairly and adequately represented the interests of the Settlement Class, and

approve designation of them as Representative Plaintiffs;

d.      Find that Settlement Class Counsel are adequate, qualified, experienced and competent to conduct this Litigation and to protect the interests of the Settlement Class; that Settlement Class Counsel in fact have fairly and adequately represented the interests of the Settlement Class; and approve designation of them as Settlement Class Counsel;

e.      Approve the relief set forth in paragraphs 4.1 through 4.3 as lawful, fair, reasonable, and adequate to the Settlement Class and Settlement Sub-Classes;

f.      Provide that all Settlement Class Members shall be deemed to have released the Released Claims and shall be forever barred from prosecuting any action against the Released Persons based on, or arising out of, the Released Claims;

g.      Affirm the approval of the Notice and Public Notice satisfying the requirements of due process and other applicable law;

h.      Provide that American and the Related Parties are released and discharged by the Final Order from the Released Claims, such release to be binding upon the Representative Plaintiffs and all Settlement Class Members;

i.      Retain jurisdiction of all matters relating to the modification, interpretation, implementation, effectuation, enforcement, and administration of the Agreement and Final Order, which jurisdiction may be called upon by filing a motion to enforce for alleged failure to comply with their terms;

j.      Provide for withdrawal rights in the event of a material modification of the terms of the Agreement or Final Order upon any appeal;

k.      Dismiss plaintiff Madson's Trip Bidding Claim as against American with prejudice to him refiling same; and

1.      Dismiss the remaining claims against American in the Litigation

without prejudice.

## VIII.   CONDITIONS OF SETTLEMENT, EFFECTIVE DATE, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

8.1     Effect of Disapproval, Modification, or Reversal in Material Respect.  In

the event that (i) the Agreement, and/or the Final Order, are not approved by the Court

substantially in the form submitted, including, but not limited to, the certification of the

Settlement Class and Settlement Sub-Classes; or (ii) approval of the Agreement, the Final Order,

and/or such orders, are modified or reversed in any material respect by any appellate or other

court, including, but not limited to, the certification of the Settlement Class, and/or Settlement

Sub-Classes, either Party shall have the right to terminate the Agreement by providing written

notice to the other Party within twenty (20) days from the disapproval, modification or reversal

in any material respect by any appellate or other court of the Agreement, the Final Order, or any

order proposed jointly by the Parties relating thereto.  In that event, this Agreement, the Final

Order, and all orders entered in connection with it shall become null and void and of no further

force and effect with respect to American and Representative Plaintiffs and the Settlement Class,

except that the provisions of paragraphs 5.1, 8.1, and 8.2 of this Agreement shall remain in

effect.  Further, in the event that the terms of this Agreement, or the Final Order, are materially

modified upon any appeal, either Party may seek to set aside this Agreement, or the Final Order,

upon applicable to the Court within twenty (20) days of such material modification.

8.2     Conditions to Effective Date.  The Effective Date of the Agreement shall

occur if and when all of the following events take place:

a.      The Court has entered the Preliminary Order, as required by

paragraph 6.1, above;

b.      The Court has entered the Final Order, as required by paragraph

7.1 above; and

c.      The Final Order has become Final without reversal or modification

in any material respect.

## IX.   THE RELEASE

9.1   <u>Full and Final Release</u>.  As of the date of entry of the Final Order,

Representative Plaintiffs and all Settlement Class Members, on behalf of themselves, their heirs,

executors, personal representatives, administrators, successors, agents, assigns, and all persons

they represent (whether express, by implication or by operation of law) in their capacity as such,

hereby discharge and release fully, finally, and with prejudice all Released Claims, against each

and all of the Released Persons.

## X.   DISTRIBUTION OF THE FINANCIAL BENEFIT

10.1   <u>Mailing of Financial Benefit</u>.  If the Effective Date occurs, American shall

distribute via first class mail the monetary awards set forth in this Agreement to the last known

address of Representative Plaintiffs and Settlement Class Members entitled to receive same

within sixty (60) days after the Effective Date; <u>provided</u>, <u>however</u>, that in the event good cause

exists and the Settlement Class Counsel is notified of the individual circumstance of the relevant

Settlement Class Member, American may exceed this sixty (60) day time period.  American shall

only issue the check(s) in the name of the Representative Plaintiffs and Settlement Class

Members, except that any monetary award paid to a deceased Settlement Class Member shall be

made payable to the estate of the deceased Settlement Class Member upon timely receipt of

proper written proof of the estate's entitlement to receive the deceased Settlement Class

Member's assets.

10.2   <u>Taxes</u>.  American shall include with the check(s) due to the Representative Plaintiffs and Settlement Class Members a statement showing the gross amount of the payment and an itemized statement of all deductions made.  Amounts designated as payments in lieu of wages shall be pensionable and subject to any applicable federal, state, or local taxes and payroll tax withholding deductions and shall be reported to the IRS on Form W-2.  Any amounts designated as interest shall not be subject to withholdings and shall be reported, if required, to the IRS on Form 1099-INT.  The Settlement Class Members are each individually and solely responsible for any taxes that may be assessed against them related to amounts designated as interest.  **SUCH SETTLEMENT CLASS MEMBERS AGREE TO INDEMNIFY AMERICAN AND HOLD IT HARMLESS AGAINST ANY TAX CLAIMS, ASSESSMENTS, DEMANDS, SETTLEMENTS, PENALTIES AND INTEREST FOUND TO BE OWED BY THE SETTLEMENT CLASS MEMBERS AS A RESULT OF ANY PAYMENT MADE PURSUANT TO THIS AGREEMENT OF AMOUNTS DESIGNATED AS INTEREST.**

10.3   <u>Employer Payroll Contributions</u>.  American shall pay all employer contributions due on individual monetary awards under this Agreement, and said employer contributions shall not be deducted from either the total monetary award or any of the individual monetary awards provided in this Agreement.

10.4   <u>Donation</u>.  American shall undertake all reasonable efforts necessary to carry out its obligations as set forth in this Agreement, including the distribution of the monetary awards.  In the event that Representative Plaintiffs or Settlement Class Members entitled to participate in the monetary settlement cannot be located, mailed checks are returned as undeliverable, and/or delivered checks are not cashed within one hundred twenty (120) days of

their mailing, American has chosen to donate the remaining undistributed sum to Snowball

Express. Neither Representative Plaintiffs nor Settlement Class Counsel objects to such

donation.

## XI.    CERTIFICATIONS

11.1    <u>Final Certification</u>.  Upon American's implementation of all the remedial

relief to Representative Plaintiffs and Settlement Class Members under paragraphs 4.2 and 10.1

(i.e., monetary awards and non-monetary awards), American shall file with the Court, and serve

upon Settlement Class Counsel a final written certification signifying that all remedial relief to

Representative Plaintiffs and Settlement Class Members has been implemented.  Such final

written certification shall set forth and include:  the identity, by redacted employee identification

number, of each Representative Plaintiff or Settlement Class Member who received remedial

relief under this Agreement, as well as a description of the monetary and/or non-monetary relief

received; the identity, by redacted employee identification number, of each Representative

Plaintiff or Settlement Class Member who rejected remedial relief under this Agreement, as well

as a description of the monetary and/or non-monetary relief rejected; the amount of monetary

relief, if any, that went undistributed and the reasons therefor; and any supporting documents,

records and information relating to the implementation of the remedial relief to Representative

Plaintiffs or Settlement Class Members under this Agreement that American deems necessary.

11.2    <u>Written Inquiry</u>.  After the Effective Date and for nine months thereafter,

Settlement Class Counsel may make up to three (3) written inquiries upon American regarding

the status of distributing the monetary awards and providing the other remedial relief set forth in

paragraph 4.2 of this Agreement.  Settlement Class Counsel may make such inquiry upon

American no more than once every thirty (30) days.  Settlement Class Counsel may also make

written inquiry upon American during the Injunctive Period regarding the status of the

prospective injunctive benefits set forth in paragraph 4.1 of this Agreement. Settlement Class

Counsel may make the latter inquiry upon American no more than once every ninety (90) days

and no more than three (3) times per year. American shall respond within thirty (30) days to any

such written inquiry.

## XII.   STAY

12.1   <u>Stay of Deadlines</u>.  Upon execution of this Agreement, unless and until

this Agreement is terminated pursuant to its provisions, the Parties agree to move the Court to

stay all discovery, motions, pleadings, and other activity in the Litigation affecting the Parties,

except to the extent necessary to effectuate this Agreement.

## XIII.  MISCELLANEOUS PROVISIONS

13.1   <u>Headings</u>.  Headings in this Agreement are for convenience only and shall

not limit, expand, affect, or alter the meaning of any text.

13.2   <u>Subsequently-Hired Pilots</u>.  Pilots hired by American after February 29,

2008 may avail themselves of the injunctive relief provided for in paragraph 4.1 of this

Agreement but shall not be entitled to any other relief set forth in this Agreement.

13.3   <u>No Claims Based Upon Distribution</u>.  No Person shall have any claim

against Settlement Class Counsel, any Released Person, or their counsel based on the distribution

of financial benefits made substantially in accordance with this Agreement or further order of the

Court.

13.4   <u>Cooperation</u>.  The Parties (a) acknowledge that it is their intent to

consummate this Agreement; and (b) agree to cooperate to the extent necessary to effectuate and

implement all terms and conditions of this Agreement and to exercise their best efforts to

accomplish the foregoing terms and conditions of the Agreement.

13.5   <u>Voluntary Acceptance</u>.  The Parties agree that the terms of the Agreement reflect a good faith settlement of the Representative Plaintiffs' and the Settlement Class Members' claims, reached voluntarily after consultation with experienced legal counsel.  The Agreement may be used in such proceedings as may be necessary to consummate or enforce the Agreement, or the Final Order, and American may file the Agreement, and/or the Final Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.6   <u>Incorporation of Exhibits</u>.  All of the exhibits to the Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

13.7   <u>Amendment</u>.  The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their successors-in-interest.

13.8   <u>Entire Agreement</u>.  The Agreement and the exhibits attached hereto constitute the entire agreement among the Parties hereto and no representations, warranties, or inducements have been made to any Party concerning the Agreement or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

13.9   <u>Further Action</u>.  Settlement Class Counsel, on behalf of the Settlement Class, represent that they have been expressly authorized by the Representative Plaintiffs to take all appropriate action pursuant to the Agreement to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Agreement on behalf of the Settlement Class which they deem appropriate.

13.10   <u>Representation to Execute</u>.  Each counsel or other Person executing this Agreement or any of its exhibits on behalf of any Party hereto hereby warrants that such person has the full authority to do so.

13.11   <u>Execution</u>.  The Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Parties to the Agreement shall exchange among themselves original signed counterparts and a complete set of original executed counterparts shall be filed with the Court.

13.12   <u>Jurisdiction</u>.  This Court shall retain jurisdiction of this Litigation and this Agreement with respect to implementation and enforcement of the terms of the Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Agreement.

13.13   <u>Disputes</u>.  Although the Parties do not anticipate any disputes, the Parties shall attempt in good faith to resolve informally any dispute that may arise under this Agreement. If the Parties are unable to resolve the dispute expeditiously, any Party may, upon thirty (30) days written notice to the other Party, move the Court for a resolution of the disputed issue.

13.14   <u>Binding Agreement</u>.  The terms of this Agreement are and shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives and assigns of American and upon the heirs, successors, and assigns of the Representative Plaintiffs and Settlement Class Members.

13.15   <u>Costs and Attorneys' Fees</u>.  Except as otherwise provided herein, the Parties shall each bear their own costs and expenses, including attorneys' fees, associated with the resolution of this matter and any disputed issue that may arise under this Agreement.

13.16   <u>Choice of Law</u>.  The Agreement and the exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Texas, and the rights and obligations of the Parties to the Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Texas without giving effect to that state's choice of law principles.

13.17   <u>Dissolution of Agreement</u>.  This Agreement shall be dissolved, at the expiration of the Injunctive Period without further motion from the Parties and without further action or order from the Court, except that Sections V and IX shall remain in full effect and force.  Further, as such automatic dissolution is ministerial to the Final Order, such automatic dissolution does not give rise to or otherwise create a new right to appeal the Final Order.

Dated: April 16th, 2008

On behalf of **Representative Plaintiffs and the Settlement Class Members:**

On behalf of **Defendant:**

GRACE CHUNG BECKER
Acting Assistant Attorney General
Civil Rights Division

_John M. Gadzichowski_

John M. Gadzichowski (WI Bar No. 1014294)
Acting Chief

_Esther G. Lander_

Esther G. Lander (DC Bar No. 461316)
Esther.Lander@usdoj.gov
Acting Deputy Chief
John P. Cunningham (VA Bar No. 43973)
John.Cunningham4@usdoj.gov
Andrew Braniff (IN Bar No. 23430-71)
Andrew.Braniff@usdoj.gov
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, N.W.
Patrick Henry Building, Fourth Floor
Washington, DC  20530
Telephone:  (202) 514-3831
Facsimile:  (202) 514-1005

Ralph I. Miller (TX Bar No. 14105800)
Ralph.Miller@weil.com
Michelle Hartmann Murawski (TX Bar No. 24032402)
Michelle.Hartmann@weil.com
Erin D. Eckols (TX Bar No. 24040849)
Erin.Eckols@weil.com
Margaret H. Allen (TX Bar No. 24045397)
Margaret.Allen@weil.com
Weil, Gotshal & Manges LLP
200 Crescent Court, Suite 300
Dallas, TX  75201-6950
Telephone:  (214) 746-7700
Facsimile:  (214) 746-7777

Nicholas J. Pappas (NY Bar No. 3925)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Dated: April **16**, 2008

On behalf of **Representative Plaintiffs and the Settlement Class Members**:


GRACE CHUNG BECKER
Acting Assistant Attorney General
Civil Rights Division

_____
John M. Gadzichowski (WI Bar No. 1014294)
Acting Chief


_____
Esther G. Lander (DC Bar No. 461316)
Esther.Lander@usdoj.gov
Acting Deputy Chief
John P. Cunningham (VA Bar No. 43973)
John.Cunningham4@usdoj.gov
Andrew Braniff (IN Bar No. 23430-71)
Andrew.Braniff@usdoj.gov
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, N.W.
Patrick Henry Building, Fourth Floor
Washington, DC  20530
Telephone:  (202) 514-3831
Facsimile:  (202) 514-1005

On behalf of **Defendant**:


_____
Ralph I. Miller (TX Bar No. 14105800)
Ralph.Miller@weil.com
Michelle Hartmann Murawski (TX Bar No. 24032402)
Michelle.Hartmann@weil.com
Erin D. Eckols (TX Bar No. 24040849)
Erin.Eckols@weil.com
Margaret H. Allen (TX Bar No. 24045397)
Margaret.Allen@weil.com
Weil, Gotshal & Manges LLP
200 Crescent Court, Suite 300
Dallas, TX  75201-6950
Telephone:  (214) 746-7700
Facsimile:  (214) 746-7777

Nicholas J. Pappas (NY Bar No. 3925)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

# EXHIBIT A

## Exhibit A

## Sick Leave Accrual Sub-Class Calculations

| Pilot Identification Numbers | Sick Leave Hours |
|---|---|
| 152 | 6.7 |
| 303 | 6.7 |
| 396 | 6.7 |
| 8325 | 6.7 |
| 9132 | 6.7 |
| 8901 | 6.7 |
| 2402 | 6.7 |
| 2543 | 6.7 |
| 2551 | 6.7 |
| 2619 | 6.7 |
| 4451 | 6.7 |
| 4705 | 6.7 |
| 4766 | 6.7 |
| 4957 | 6.7 |
| 4830 | 6.7 |
| 4865 | 6.7 |
| 4997 | 6.7 |
| 6853 | 6.7 |
| 2003 | 6.7 |
| 1872 | 6.7 |
| 7998 | 6.7 |
| 8010 | 6.7 |
| 8221 | 6.7 |
| 8355 | 6.7 |
| 8424 | 6.7 |
| 2722 | 6.7 |
| 5247 | 6.7 |
| 5260 | 6.7 |
| 5276 | 6.7 |
| 5327 | 6.7 |
| 5375 | 6.7 |
| 5404 | 6.7 |
| 5415 | 6.7 |
| 5434 | 6.7 |
| 5476 | 6.7 |
| 5567 | 6.7 |
| 5569 | 6.7 |
| 5693 | 6.7 |
| 5727 | 6.7 |
| 5822 | 6.7 |
| 5906 | 6.7 |
| 5930 | 6.7 |
| 5961 | 6.7 |
| 5962 | 6.7 |

| Pilot Identification Numbers | Sick Leave Hours |
|---|---|
| 6015 | 6.7 |
| 6171 | 6.7 |
| 4101 | 6.7 |
| 4152 | 6.7 |
| 4158 | 6.7 |
| 4187 | 6.7 |
| 4207 | 6.7 |
| 4214 | 6.7 |
| 4231 | 6.7 |
| 4255 | 6.7 |
| 4271 | 6.7 |
| 4415 | 6.7 |
| 4508 | 6.7 |
| 4660 | 6.7 |
| 31 | 6.7 |
| 127 | 6.7 |
| 7467 | 6.7 |
| 8494 | 6.7 |
| 8866 | 6.7 |
| 9197 | 6.7 |
| 2551 | 13.4 |
| 2748 | 6.7 |
| 4524 | 6.7 |
| 4543 | 6.7 |
| 4865 | 6.7 |
| 2229 | 6.7 |
| 8097 | 6.7 |
| 8238 | 6.7 |
| 8289 | 6.7 |
| 8431 | 6.7 |
| 8439 | 6.7 |
| 8457 | 6.7 |
| 5212 | 6.7 |
| 5260 | 6.7 |
| 5267 | 6.7 |
| 5280 | 6.7 |
| 5389 | 6.7 |
| 5526 | 6.7 |
| 5657 | 6.7 |
| 5994 | 6.7 |
| 6040 | 6.7 |
| 4223 | 6.7 |
| 4271 | 6.7 |
| 4363 | 6.7 |
| 4386 | 6.7 |
| 4546 | 6.7 |
| 8310 | 6.7 |
| 8814 | 5.0 |

| Pilot Identification Numbers | Sick Leave Hours |
|---|---|
| 8944 | 6.7 |
| 2962 | 6.7 |
| 4705 | 6.7 |
| 4766 | 10.0 |
| 4835 | 6.7 |
| 4761 | 5.0 |
| 4819 | 5.0 |
| 3658 | 5.0 |
| 8020 | 5.0 |
| 8206 | 10.0 |
| 8220 | 5.0 |
| 8298 | 5.0 |
| 8353 | 15.0 |
| 8431 | 10.0 |
| 5232 | 6.7 |
| 5238 | 6.7 |
| 5278 | 5.0 |
| 5301 | 6.7 |
| 5311 | 6.7 |
| 5327 | 5.0 |
| 5365 | 18.4 |
| 5375 | 5.0 |
| 5525 | 6.7 |
| 5528 | 6.7 |
| 5570 | 6.7 |
| 5581 | 5.0 |
| 5677 | 5.0 |
| 5687 | 10.0 |
| 5727 | 5.0 |
| 5851 | 5.0 |
| 5867 | 5.0 |
| 5879 | 6.7 |
| 5942 | 5.0 |
| 6004 | 6.7 |
| 6010 | 5.0 |
| 6015 | 6.7 |
| 6169 | 5.0 |
| 4101 | 10.0 |
| 4186 | 5.0 |
| 4221 | 5.0 |
| 4370 | 5.0 |
| 4417 | 6.7 |
| 4432 | 5.0 |
| 4533 | 5.0 |
| 7446 | 5.0 |
| 7528 | 5.0 |
| 9056 | 5.0 |
| 2626 | 5.0 |

| Pilot Identification Numbers | Sick Leave Hours |
|---|---|
| 2938 | 5.0 |
| 2956 | 5.0 |
| 4456 | 5.0 |
| 4565 | 5.0 |
| 4764 | 5.0 |
| 4766 | 5.0 |
| 4761 | 5.0 |
| 4819 | 10.0 |
| 2229 | 5.0 |
| 8171 | 5.0 |
| 8206 | 5.0 |
| 8226 | 5.0 |
| 8320 | 5.0 |
| 8373 | 5.0 |
| 8381 | 5.0 |
| 8385 | 5.0 |
| 8457 | 15.0 |
| 8461 | 10.0 |
| 8487 | 5.0 |
| 3441 | 5.0 |
| 5349 | 5.0 |
| 5389 | 5.0 |
| 5663 | 5.0 |
| 5687 | 5.0 |
| 5695 | 5.0 |
| 5731 | 5.0 |
| 5822 | 5.0 |
| 5857 | 5.0 |
| 5879 | 5.0 |
| 5880 | 5.0 |
| 5964 | 5.0 |
| 5995 | 5.0 |
| 6139 | 5.0 |
| 0632 | 5.0 |
| 4111 | 5.0 |
| 0556 | 5.0 |
| 1808 | 5.0 |
| 31 | 5.0 |
| 659 | 5.0 |
| 300 | 5.0 |
| 8525 | 5.0 |
| 9076 | 15.0 |
| 8697 | 5.0 |
| 9062 | 5.0 |
| 2962 | 5.0 |
| 4664 | 5.0 |
| 4766 | 5.0 |
| 4720 | 5.0 |

| Pilot Identification Numbers | Sick Leave Hours |
|---|---|
| 4865 | 15.0 |
| 4956 | 5.0 |
| 8001 | 5.0 |
| 8015 | 5.0 |
| 8107 | 5.0 |
| 8108 | 5.0 |
| 8136 | 10.0 |
| 8226 | 10.0 |
| 8264 | 5.0 |
| 8270 | 5.0 |
| 8319 | 10.0 |
| 8340 | 10.0 |
| 8367 | 5.0 |
| 8450 | 5.0 |
| 8457 | 10.0 |
| 8487 | 10.0 |
| 5174 | 5.0 |
| 5376 | 5.0 |
| 5389 | 5.0 |
| 5524 | 5.0 |
| 5545 | 5.0 |
| 5570 | 5.0 |
| 5581 | 5.0 |
| 5601 | 5.0 |
| 5679 | 5.0 |
| 5686 | 5.0 |
| 5723 | 10.0 |
| 445 | 5.0 |
| 8494 | 5.0 |
| 8607 | 5.0 |
| 3526 | 5.0 |
| 3586 | 5.0 |
| 9076 | 5.0 |
| 9132 | 5.0 |
| 8970 | 5.0 |
| 9099 | 5.0 |
| 2551 | 5.0 |
| 2946 | 5.0 |
| 2954 | 5.0 |
| 3005 | 5.0 |
| 1730 | 5.0 |
| 4631 | 5.0 |
| 4664 | 5.0 |
| 4766 | 5.0 |
| 4787 | 5.0 |
| 4748 | 5.0 |
| 4819 | 5.0 |
| 4830 | 10.0 |

| Pilot Identification Numbers | Sick Leave Hours |
|---|---|
| 1992 | 5.0 |
| 7992 | 5.0 |
| 8079 | 5.0 |
| 8136 | 5.0 |
| 8171 | 5.0 |
| 8226 | 5.0 |
| 8264 | 5.0 |
| 8319 | 5.0 |
| 8340 | 10.0 |
| 8352 | 5.0 |
| 8367 | 5.0 |
| 8487 | 5.0 |
| 5231 | 5.0 |
| 5232 | 5.0 |
| 5261 | 5.0 |
| 5276 | 5.0 |
| 5280 | 5.0 |
| 5303 | 5.0 |
| 5305 | 5.0 |
| 5347 | 5.0 |
| 5400 | 5.0 |
| 5480 | 5.0 |
| 5506 | 5.0 |
| 5529 | 5.0 |
| 5532 | 5.0 |
| 5570 | 5.0 |
| 5631 | 5.0 |
| 5642 | 5.0 |
| 5679 | 10.0 |
| 5733 | 5.0 |
| 0403 | 5.0 |
| 0576 | 15.0 |
| 164 | 5.0 |
| 7656 | 5.0 |
| 3586 | 10.0 |
| 9076 | 20.0 |
| 2420 | 5.0 |
| 4705 | 5.0 |
| 4774 | 5.0 |
| 4761 | 5.0 |
| 7984 | 5.0 |
| 8058 | 5.0 |
| 8171 | 5.0 |
| 8227 | 5.0 |
| 8270 | 10.0 |
| 8347 | 5.0 |
| 2362 | 5.0 |
| 5212 | 10.0 |

| Pilot Identification Numbers | Sick Leave Hours |
|---|---|
| 5252 | 5.0 |
| 5280 | 5.0 |
| 5365 | 5.0 |
| 5443 | 5.0 |
| 5482 | 5.0 |
| 5524 | 5.0 |
| 5551 | 5.0 |
| 5558 | 5.0 |
| 5570 | 5.0 |
| 5670 | 5.0 |
| 5676 | 5.0 |
| 5677 | 5.0 |
| 5878 | 5.0 |
| 6142 | 5.0 |
| 6185 | 5.0 |
| 8375 | 10.0 |
| 2954 | 5.0 |
| 3042 | 5.0 |
| 8347 | 5.0 |
| 5632 | 5.0 |
| 5813 | 10.0 |
| Total Hours | 1900.3 |

# EXHIBIT B

FOR SETTLEMENT DISCUSSION ONLY

CONFIDENTIAL TREATMENT
REQUESTED UNDER FOIA

## Exhibit B

### Sick Leave Accrual Sub-Class Calculations

| Year | Pilot Identification Number | Status | Sick Leave Hourly Rate | Sick Leave Hours | Total Sick Leave Remedial Relief | Interest | Remedial Relief with 4.3% Interest |
|------|------|------|------|------|------|------|------|
| 2001 | 8375 | Active | $143.82 | 3.25 | $467.41 | $147.03 | $614.44 |
| 2001 | 8195 | Active | $85.38 | 3.25 | $277.48 | $86.00 | $363.48 |
| 2001 | 8377 | Active | $96.58 | 3.25 | $313.89 | $100.93 | $414.82 |
| 2001 | 5348 | Active | $95.50 | 3.25 | $310.39 | $100.53 | $410.92 |
| 2001 | 5366 | Active | $96.03 | 3.25 | $312.08 | $98.17 | $410.25 |
| 2001 | 5762 | Active | $96.37 | 3.25 | $313.20 | $97.80 | $411.00 |
| 2001 | 6187 | Active | $78.04 | 3.25 | $253.62 | $82.73 | $336.35 |
| 2002 | 8321 | Active | $111.12 | 3.25 | $361.14 | $93.23 | $454.37 |
| 2003 | 8321 | Active | $111.12 | 3.25 | $361.14 | $72.20 | $433.34 |
| 2003 | 5366 | Active | $96.03 | 3.25 | $312.08 | $61.08 | $373.17 |
| 2003 | 5377 | Active | $118.87 | 3.25 | $386.34 | $77.23 | $463.57 |
| 2003 | 6144 | Active | $75.47 | 9.75 | $735.84 | $148.65 | $884.49 |
| 2004 | 8492 | Active | $92.97 | 6.50 | $604.32 | $102.04 | $706.35 |
| 2004 | 5728 | Active | $90.79 | 3.25 | $295.07 | $43.21 | $338.27 |
| 2005 | 8321 | Active | $111.12 | 3.25 | $361.14 | $39.31 | $400.46 |
| 2005 | 5728 | Active | $90.79 | 6.50 | $590.13 | $71.20 | $661.34 |
| 2006 | 8573 | Active | $169.34 | 3.25 | $550.35 | $40.98 | $591.33 |
| 2006 | 4897 | Active | $124.25 | 6.50 | $807.61 | $60.13 | $867.75 |
| 2006 | 8321 | Active | $113.72 | 6.50 | $739.20 | $55.04 | $794.24 |
| 2007 | 8321 | Active | $118.87 | 3.25 | $386.34 | $8.86 | $395.20 |
| 2001 | 8179 | Separated | $106.21 | 3.25 | $345.20 | $111.80 | $457.00 |
| 2001 | 6177 | Separated | $96.37 | 3.25 | $313.20 | $98.52 | $411.72 |
| 2001 | 4225 | Separated | $79.19 | 3.25 | $257.36 | $77.98 | $335.34 |
| 2001 | 4447 | Separated | $34.43 | 3.25 | $111.89 | $33.65 | $145.54 |
| 2001 | 4476 | Separated | $83.98 | 6.50 | $545.84 | $167.91 | $713.75 |
| 2002 | 4225 | Separated | $79.19 | 6.50 | $514.71 | $129.46 | $644.17 |
| 2002 | 4476 | Separated | $83.98 | 3.25 | $272.92 | $74.11 | $347.03 |
| 2003 | 4516 | Separated | $78.04 | 3.25 | $253.62 | $53.94 | $307.56 |
| 2004 | 8179 | Separated | $106.21 | 3.25 | $345.20 | $58.28 | $403.48 |
| 2004 | 2721 | Separated | $90.79 | 3.25 | $295.07 | $47.40 | $342.46 |
| 2004 | 5776 | Separated | $93.26 | 3.25 | $303.10 | $44.38 | $347.49 |
| | | | | Total: | $12,296.88 | | $14,780.68 |

# EXHIBIT C

**Exhibit C**

**Vacation Accrual Sub-Class Calculations:**
**(Reserve Status)**

| Year | Pilot Identification Number | Status | Hourly Rate | Total Vacation Hours | Total Compensation | Compensation with 4.3% Interest |
|------|------|------|------|------|------|------|
| 2001 | 152 | Active | $186.51 | 6.50 | $1,212.31 | $1,633.06 |
| 2001 | 303 | Active | $207.88 | 6.50 | $1,351.22 | $1,776.13 |
| 2001 | 396 | Active | $163.97 | 6.50 | $1,065.81 | $1,415.87 |
| 2001 | 8901 | Active | $141.42 | 6.50 | $919.23 | $1,238.26 |
| 2001 | 2402 | Active | $141.42 | 6.50 | $919.23 | $1,234.14 |
| 2001 | 4830 | Active | $136.25 | 6.50 | $885.63 | $1,155.99 |
| 2001 | 6853 | Active | $101.59 | 3.25 | $330.17 | $444.76 |
| 2001 | 2003 | Active | $125.24 | 3.25 | $407.03 | $538.85 |
| 2001 | 1872 | Active | $101.59 | 3.25 | $330.17 | $430.96 |
| 2001 | 8195 | Active | $109.57 | 3.25 | $356.10 | $469.75 |
| 2001 | 8424 | Active | $115.76 | 3.25 | $376.22 | $506.79 |
| 2001 | 2722 | Active | $106.94 | 3.25 | $347.56 | $468.19 |
| 2001 | 5260 | Active | $104.11 | 3.25 | $338.36 | $447.94 |
| 2001 | 5327 | Active | $115.76 | 3.25 | $376.22 | $506.79 |
| 2001 | 5348 | Active | $115.76 | 3.25 | $376.22 | $506.79 |
| 2001 | 5375 | Active | $119.42 | 3.25 | $388.11 | $521.07 |
| 2001 | 5404 | Active | $107.95 | 3.25 | $350.84 | $474.29 |
| 2001 | 5476 | Active | $104.11 | 3.25 | $338.36 | $455.79 |
| 2001 | 5567 | Active | $104.11 | 3.25 | $338.36 | $449.49 |
| 2001 | 5569 | Active | $101.59 | 3.25 | $330.17 | $444.76 |
| 2001 | 5693 | Active | $104.11 | 3.25 | $338.36 | $455.79 |
| 2001 | 5727 | Active | $106.94 | 3.25 | $347.56 | $469.86 |
| 2001 | 5762 | Active | $116.55 | 3.25 | $378.79 | $501.47 |
| 2001 | 5822 | Active | $83.98 | 3.25 | $272.94 | $367.67 |
| 2001 | 5906 | Active | $101.59 | 3.25 | $330.17 | $432.50 |
| 2001 | 5930 | Active | $112.95 | 3.25 | $367.09 | $489.40 |
| 2001 | 5961 | Active | $101.59 | 3.25 | $330.17 | $444.76 |
| 2001 | 5962 | Active | $101.59 | 3.25 | $330.17 | $438.61 |
| 2001 | 6015 | Active | $101.59 | 3.25 | $330.17 | $444.76 |
| 2001 | 6171 | Active | $101.59 | 3.25 | $330.17 | $444.76 |
| 2001 | 6187 | Active | $78.04 | 3.25 | $253.63 | $342.88 |
| 2001 | 4101 | Active | $104.35 | 3.25 | $339.14 | $447.38 |
| 2001 | 4152 | Active | $112.95 | 3.25 | $367.09 | $492.85 |
| 2001 | 4158 | Active | $104.35 | 3.25 | $339.14 | $445.79 |
| 2001 | 4207 | Active | $101.59 | 3.25 | $330.17 | $434.00 |
| 2001 | 4214 | Active | $101.59 | 3.25 | $330.17 | $434.00 |
| 2001 | 4231 | Active | $112.95 | 3.25 | $367.09 | $479.15 |
| 2001 | 4255 | Active | $101.59 | 3.25 | $330.17 | $438.61 |
| 2001 | 4415 | Active | $101.59 | 3.25 | $330.17 | $432.50 |
| 2001 | 4508 | Active | $83.98 | 3.25 | $272.94 | $362.59 |

| Year | Pilot Identification Number | Status | Hourly Rate | Total Vacation Hours | Total Compensation | Compensation with 4.3% Interest |
|------|------|------|------|------|------|------|
| 2001 | 4660 | Active | $83.98 | 3.25 | $272.94 | $360.05 |
| 2002 | 127 | Active | $162.99 | 6.50 | $1,059.44 | $1,368.30 |
| 2002 | 8866 | Active | $163.97 | 6.50 | $1,065.81 | $1,376.53 |
| 2002 | 2748 | Active | $106.75 | 6.50 | $693.88 | $868.36 |
| 2002 | 4524 | Active | $110.89 | 6.50 | $720.78 | $927.81 |
| 2002 | 4543 | Active | $140.36 | 6.50 | $912.34 | $1,158.02 |
| 2002 | 8097 | Active | $85.11 | 3.25 | $276.61 | $352.31 |
| 2002 | 8238 | Active | $98.30 | 3.25 | $319.48 | $412.62 |
| 2002 | 8289 | Active | $98.30 | 3.25 | $319.48 | $405.51 |
| 2002 | 8431 | Active | $85.38 | 3.25 | $277.48 | $358.37 |
| 2002 | 8439 | Active | $83.12 | 3.25 | $270.14 | $340.45 |
| 2002 | 8457 | Active | $96.03 | 3.25 | $312.10 | $393.33 |
| 2002 | 5212 | Active | $85.38 | 3.25 | $277.48 | $350.95 |
| 2002 | 5260 | Active | $83.12 | 3.25 | $270.14 | $347.73 |
| 2002 | 5267 | Active | $89.10 | 3.25 | $289.57 | $373.99 |
| 2002 | 5526 | Active | $95.91 | 3.25 | $311.71 | $397.02 |
| 2002 | 5657 | Active | $96.03 | 3.25 | $312.10 | $403.09 |
| 2002 | 5994 | Active | $81.14 | 3.25 | $263.70 | $328.87 |
| 2002 | 6040 | Active | $93.77 | 3.25 | $304.75 | $388.15 |
| 2002 | 4223 | Active | $81.14 | 3.25 | $263.70 | $340.58 |
| 2002 | 4271 | Active | $81.34 | 3.25 | $264.35 | $341.42 |
| 2002 | 4363 | Active | $83.98 | 3.25 | $272.94 | $352.51 |
| 2002 | 4386 | Active | $83.98 | 3.25 | $272.94 | $352.51 |
| 2002 | 4546 | Active | $79.19 | 3.25 | $257.37 | $327.81 |
| 2003 | 8310 | Active | $168.73 | 6.50 | $1,096.74 | $1,362.93 |
| 2003 | 2962 | Active | $120.77 | 6.50 | $785.00 | $972.05 |
| 2003 | 4766 | Active | $120.77 | 13.00 | $1,570.01 | $1,907.16 |
| 2003 | 4835 | Active | $162.74 | 6.50 | $1,057.81 | $1,309.87 |
| 2003 | 4819 | Active | $120.77 | 6.50 | $785.00 | $951.91 |
| 2003 | 3658 | Active | $97.40 | 3.25 | $316.55 | $378.51 |
| 2003 | 8220 | Active | $141.79 | 3.25 | $460.82 | $562.74 |
| 2003 | 8321 | Active | $109.56 | 3.25 | $356.07 | $428.76 |
| 2003 | 8353 | Active | $95.18 | 13.00 | $1,237.34 | $1,503.96 |
| 2003 | 5232 | Active | $92.97 | 3.25 | $302.15 | $374.15 |
| 2003 | 5278 | Active | $107.05 | 3.25 | $347.91 | $416.01 |
| 2003 | 5301 | Active | $92.97 | 3.25 | $302.15 | $371.57 |
| 2003 | 5311 | Active | $99.28 | 3.25 | $322.66 | $399.54 |
| 2003 | 5327 | Active | $115.76 | 3.25 | $376.22 | $457.85 |
| 2003 | 5366 | Active | $92.97 | 3.25 | $302.15 | $361.29 |
| 2003 | 5375 | Active | $104.56 | 3.25 | $339.82 | $407.74 |
| 2003 | 5377 | Active | $99.28 | 3.25 | $322.66 | $388.53 |
| 2003 | 5528 | Active | $92.97 | 3.25 | $302.15 | $375.48 |
| 2003 | 5581 | Active | $95.50 | 3.25 | $310.38 | $375.04 |
| 2003 | 5677 | Active | $110.60 | 3.25 | $359.45 | $431.29 |
| 2003 | 5727 | Active | $93.26 | 3.25 | $303.10 | $362.43 |
| 2003 | 5851 | Active | $112.95 | 3.25 | $367.09 | $448.28 |
| 2003 | 5867 | Active | $112.95 | 3.25 | $367.09 | $446.73 |
| 2003 | 5879 | Active | $90.79 | 3.25 | $295.07 | $365.38 |

C-2

| Year | Pilot Identification Number | Status | Hourly Rate | Total Vacation Hours | Total Compensation | Compensation with 4.3% interest |
|------|------|------|------|------|------|------|
| 2003 | 5942 | Active | $90.79 | 3.25 | $295.07 | $356.54 |
| 2003 | 6004 | Active | $93.26 | 3.25 | $303.10 | $375.32 |
| 2003 | 6015 | Active | $101.59 | 3.25 | $330.17 | $408.84 |
| 2003 | 6169 | Active | $116.55 | 3.25 | $378.79 | $462.57 |
| 2003 | 4101 | Active | $104.35 | 6.50 | $678.27 | $821.03 |
| 2003 | 4186 | Active | $101.59 | 3.25 | $330.17 | $398.95 |
| 2003 | 4221 | Active | $94.40 | 3.25 | $306.80 | $368.12 |
| 2003 | 4370 | Active | $101.59 | 3.25 | $330.17 | $396.16 |
| 2003 | 4417 | Active | $112.95 | 3.25 | $367.09 | $454.56 |
| 2003 | 4432 | Active | $116.55 | 3.25 | $378.79 | $456.12 |
| 2003 | 4533 | Active | $94.40 | 3.25 | $306.80 | $372.03 |
| 2004 | 7446 | Active | $156.69 | 6.50 | $1,018.49 | $1,188.36 |
| 2004 | 2626 | Active | $122.50 | 6.50 | $796.25 | $922.45 |
| 2004 | 2938 | Active | $122.50 | 6.50 | $796.25 | $942.19 |
| 2004 | 4456 | Active | $113.59 | 6.50 | $738.33 | $879.70 |
| 2004 | 4766 | Active | $113.59 | 6.50 | $738.33 | $873.65 |
| 2004 | 4819 | Active | $122.50 | 13.00 | $1,592.50 | $1,887.54 |
| 2004 | 2229 | Active | $85.11 | 3.25 | $276.61 | $328.40 |
| 2004 | 8206 | Active | $99.21 | 3.25 | $322.43 | $384.17 |
| 2004 | 8226 | Active | $98.84 | 3.25 | $321.23 | $372.14 |
| 2004 | 8320 | Active | $98.84 | 3.25 | $321.23 | $376.10 |
| 2004 | 8381 | Active | $77.31 | 3.25 | $251.26 | $298.30 |
| 2004 | 8385 | Active | $96.58 | 3.25 | $313.89 | $370.10 |
| 2004 | 8457 | Active | $107.05 | 13.00 | $1,391.65 | $1,614.37 |
| 2004 | 8461 | Active | $110.99 | 6.50 | $721.43 | $838.78 |
| 2004 | 8487 | Active | $96.58 | 3.25 | $313.89 | $364.94 |
| 2004 | 3441 | Active | $98.84 | 3.25 | $321.23 | $380.10 |
| 2004 | 5349 | Active | $96.58 | 3.25 | $313.89 | $366.24 |
| 2004 | 5389 | Active | $96.58 | 3.25 | $313.89 | $367.51 |
| 2004 | 5663 | Active | $96.58 | 3.25 | $313.89 | $359.85 |
| 2004 | 5695 | Active | $100.69 | 3.25 | $327.24 | $385.84 |
| 2004 | 5731 | Active | $104.44 | 3.25 | $339.43 | $394.63 |
| 2004 | 5822 | Active | $90.79 | 3.25 | $295.07 | $347.91 |
| 2004 | 5857 | Active | $90.79 | 3.25 | $295.07 | $345.47 |
| 2004 | 5879 | Active | $90.79 | 3.25 | $295.07 | $350.32 |
| 2004 | 5880 | Active | $93.77 | 3.25 | $304.75 | $351.84 |
| 2004 | 5964 | Active | $94.56 | 3.25 | $307.32 | $362.35 |
| 2004 | 5995 | Active | $93.77 | 3.25 | $304.75 | $353.05 |
| 2004 | 6139 | Active | $81.14 | 3.25 | $263.70 | $313.07 |
| 2004 | 0632 | Active | $103.27 | 3.25 | $335.63 | $388.83 |
| 2004 | 4111 | Active | $81.14 | 3.25 | $263.70 | $313.07 |
| 2004 | 0556 | Active | $156.69 | 6.50 | $1,018.49 | $1,209.19 |
| 2004 | 1808 | Active | $141.35 | 6.50 | $918.78 | $1,072.02 |
| 2005 | 31 | Active | $182.63 | 6.50 | $1,187.10 | $1,351.26 |
| 2005 | 659 | Active | $169.34 | 6.50 | $1,100.71 | $1,214.05 |
| 2005 | 300 | Active | $143.82 | 6.50 | $934.83 | $1,049.40 |
| 2005 | 9076 | Active | $143.82 | 22.75 | $3,271.91 | $3,617.44 |
| 2005 | 8697 | Active | $143.82 | 6.50 | $934.83 | $1,056.79 |

| Year | Pilot Identification Number | Status | Hourly Rate | Total Vacation Hours | Total Compensation | Compensation with 4.3% Interest |
|------|------|------|------|------|------|------|
| 2005 | 9062 | Active | $120.11 | 6.50 | $780.72 | $888.68 |
| 2005 | 2962 | Active | $124.25 | 6.50 | $807.63 | $919.31 |
| 2005 | 4766 | Active | $115.21 | 6.50 | $748.86 | $852.42 |
| 2005 | 4720 | Active | $108.12 | 6.50 | $702.78 | $775.14 |
| 2005 | 8015 | Active | $118.87 | 3.25 | $386.33 | $426.11 |
| 2005 | 8107 | Active | $118.87 | 3.25 | $386.33 | $430.64 |
| 2005 | 8136 | Active | $103.39 | 6.50 | $672.03 | $749.12 |
| 2005 | 8226 | Active | $103.39 | 6.50 | $672.03 | $763.69 |
| 2005 | 8264 | Active | $106.96 | 3.25 | $347.62 | $388.88 |
| 2005 | 8270 | Active | $103.39 | 3.25 | $336.02 | $382.49 |
| 2005 | 8319 | Active | $103.39 | 6.50 | $672.03 | $753.07 |
| 2005 | 8321 | Active | $118.87 | 3.25 | $386.33 | $432.18 |
| 2005 | 8340 | Active | $103.39 | 6.50 | $672.03 | $754.42 |
| 2005 | 8450 | Active | $100.30 | 3.25 | $325.98 | $369.82 |
| 2005 | 8457 | Active | $100.30 | 6.50 | $651.95 | $740.87 |
| 2005 | 8487 | Active | $133.49 | 6.50 | $867.69 | $989.44 |
| 2005 | 5174 | Active | $100.30 | 3.25 | $325.98 | $369.82 |
| 2005 | 5376 | Active | $100.30 | 3.25 | $325.98 | $365.93 |
| 2005 | 5524 | Active | $100.30 | 3.25 | $325.98 | $363.37 |
| 2005 | 5545 | Active | $106.96 | 3.25 | $347.62 | $390.22 |
| 2005 | 5581 | Active | $111.41 | 3.25 | $362.08 | $406.45 |
| 2005 | 5601 | Active | $100.30 | 3.25 | $325.98 | $368.51 |
| 2005 | 5679 | Active | $100.68 | 3.25 | $327.21 | $366.05 |
| 2005 | 5686 | Active | $94.34 | 3.25 | $306.60 | $349.00 |
| 2005 | 5723 | Active | $107.05 | 6.50 | $695.83 | $774.26 |
| 2005 | 5728 | Active | $92.97 | 3.25 | $302.15 | $342.79 |
| 2006 | 445 | Active | $182.63 | 6.50 | $1,187.10 | $1,277.64 |
| 2006 | 8573 | Active | $163.34 | 6.50 | $1,061.71 | $1,162.85 |
| 2006 | 8607 | Active | $159.00 | 6.50 | $1,033.50 | $1,127.92 |
| 2006 | 3526 | Active | $143.82 | 6.50 | $934.83 | $1,006.13 |
| 2006 | 9076 | Active | $143.82 | 6.50 | $934.83 | $995.54 |
| 2006 | 9132 | Active | $124.25 | 6.50 | $807.63 | $857.12 |
| 2006 | 8970 | Active | $143.82 | 6.50 | $934.83 | $1,020.23 |
| 2006 | 9099 | Active | $124.25 | 6.50 | $807.63 | $881.41 |
| 2006 | 2551 | Active | $122.35 | 6.50 | $795.27 | $867.92 |
| 2006 | 3005 | Active | $124.25 | 6.50 | $807.63 | $863.15 |
| 2006 | 4631 | Active | $120.11 | 6.50 | $780.72 | $834.39 |
| 2006 | 4766 | Active | $115.21 | 6.50 | $748.86 | $803.20 |
| 2006 | 1992 | Active | $121.54 | 6.50 | $790.01 | $862.18 |
| 2006 | 7992 | Active | $121.54 | 6.50 | $790.01 | $847.34 |
| 2006 | 8079 | Active | $114.85 | 6.50 | $746.52 | $803.46 |
| 2006 | 8136 | Active | $103.39 | 6.50 | $672.03 | $710.67 |
| 2006 | 8226 | Active | $103.39 | 6.50 | $672.03 | $720.80 |
| 2006 | 8264 | Active | $110.23 | 6.50 | $716.50 | $771.15 |
| 2006 | 8319 | Active | $103.39 | 6.50 | $672.03 | $723.29 |
| 2006 | 8321 | Active | $118.87 | 13.00 | $1,545.31 | $1,680.81 |
| 2006 | 8340 | Active | $118.87 | 13.00 | $1,545.31 | $1,677.84 |
| 2006 | 8352 | Active | $118.87 | 6.50 | $772.66 | $822.84 |

C-4

| Year | Pilot Identification Number | Status | Hourly Rate | Total Vacation Hours | Total Compensation | Compensation with 4.3% Interest |
|------|------|------|------|------|------|------|
| 2006 | 8487 | Active | $133.49 | 6.50 | $867.69 | $917.58 |
| 2006 | 5232 | Active | $103.39 | 6.50 | $672.03 | $723.29 |
| 2006 | 5261 | Active | $106.21 | 6.50 | $690.36 | $745.67 |
| 2006 | 5276 | Active | $114.85 | 6.50 | $746.52 | $814.72 |
| 2006 | 5400 | Active | $118.87 | 3.25 | $386.33 | $411.42 |
| 2006 | 5480 | Active | $103.39 | 3.25 | $336.02 | $364.20 |
| 2006 | 5506 | Active | $103.39 | 3.25 | $336.02 | $360.40 |
| 2006 | 5529 | Active | $100.30 | 3.25 | $325.98 | $350.84 |
| 2006 | 5532 | Active | $103.39 | 3.25 | $336.02 | $356.61 |
| 2006 | 5631 | Active | $111.41 | 3.25 | $362.08 | $389.70 |
| 2006 | 5642 | Active | $118.87 | 3.25 | $386.33 | $418.72 |
| 2006 | 5679 | Active | $114.85 | 6.50 | $746.52 | $810.56 |
| 2006 | 5733 | Active | $106.96 | 3.25 | $347.62 | $370.20 |
| 2006 | 0576 | Active | $159.00 | 22.75 | $3,617.25 | $3,879.61 |
| 2007 | 7656 | Active | $176.63 | 6.50 | $1,148.10 | $1,172.25 |
| 2007 | 3586 | Active | $159.00 | 6.50 | $1,033.50 | $1,066.47 |
| 2007 | 9076 | Active | $143.82 | 29.25 | $4,206.74 | $4,333.40 |
| 2007 | 2420 | Active | $120.11 | 6.50 | $780.72 | $794.40 |
| 2007 | 7984 | Active | $117.46 | 6.50 | $763.49 | $793.39 |
| 2007 | 8058 | Active | $105.74 | 6.50 | $687.31 | $714.23 |
| 2007 | 8227 | Active | $118.87 | 6.50 | $772.66 | $800.16 |
| 2007 | 8270 | Active | $103.39 | 13.00 | $1,344.07 | $1,377.28 |
| 2007 | 8321 | Active | $118.87 | 6.50 | $772.66 | $800.16 |
| 2007 | 5212 | Active | $103.39 | 13.00 | $1,344.07 | $1,389.37 |
| 2007 | 5252 | Active | $106.21 | 6.50 | $690.36 | $714.93 |
| 2007 | 5524 | Active | $103.39 | 6.50 | $672.03 | $686.17 |
| 2007 | 5551 | Active | $103.39 | 6.50 | $672.03 | $693.47 |
| 2007 | 5558 | Active | $103.39 | 6.50 | $672.03 | $691.08 |
| 2007 | 5670 | Active | $100.30 | 6.50 | $651.95 | $677.49 |
| 2007 | 5676 | Active | $103.03 | 6.50 | $669.69 | $691.05 |
| 2007 | 5677 | Active | $115.34 | 6.50 | $749.71 | $784.47 |
| 2007 | 5878 | Active | $103.03 | 6.50 | $669.69 | $683.78 |
| 2007 | 6142 | Active | $105.03 | 3.25 | $341.35 | $347.33 |
| 2007 | 6185 | Active | $103.03 | 3.25 | $334.85 | $339.50 |
| 2008 | 8375 | Active | $143.82 | 6.50 | $934.83 | $937.85 |
| 2008 | 2954 | Active | $124.25 | 6.50 | $807.63 | $810.24 |
| 2008 | 3042 | Active | $143.82 | 6.50 | $934.83 | $937.85 |
| 2008 | 8347 | Active | $103.39 | 6.50 | $672.03 | $674.20 |
| 2008 | 5632 | Active | $118.73 | 6.50 | $771.75 | $774.24 |
| 2008 | 5813 | Active | $106.96 | 13.00 | $1,390.48 | $1,397.46 |
| 2001 | 5534 | Separated | $116.55 | 3.25 | $378.79 | $497.91 |
| 2001 | 5699 | Separated | $104.11 | 3.25 | $338.36 | $455.79 |
| 2001 | 5805 | Separated | $116.55 | 3.25 | $378.79 | $503.20 |
| 2001 | 5814 | Separated | $78.04 | 3.25 | $253.63 | $340.52 |
| 2001 | 5818 | Separated | $115.76 | 3.25 | $376.22 | $506.79 |
| 2001 | 5821 | Separated | $104.11 | 3.25 | $338.36 | $440.13 |
| 2001 | 5905 | Separated | $101.59 | 3.25 | $330.17 | $444.76 |
| 2001 | 6021 | Separated | $107.95 | 3.25 | $350.84 | $464.47 |

| Year | Pilot Identification Number | Status | Hourly Rate | Total Vacation Hours | Total Compensation | Compensation with 4.3% Interest |
|------|------|------|------|------|------|------|
| 2001 | 6038 | Separated | $84.51 | 3.25 | $274.66 | $369.99 |
| 2001 | 6174 | Separated | $94.40 | 3.25 | $306.80 | $403.28 |
| 2001 | 6177 | Separated | $96.37 | 3.25 | $313.20 | $416.07 |
| 2001 | 4114 | Separated | $101.59 | 3.25 | $330.17 | $438.61 |
| 2001 | 4117 | Separated | $94.40 | 3.25 | $306.80 | $407.57 |
| 2001 | 4121 | Separated | $116.55 | 3.25 | $378.79 | $497.91 |
| 2001 | 4122 | Separated | $116.55 | 3.25 | $378.79 | $506.75 |
| 2001 | 4126 | Separated | $94.40 | 3.25 | $306.80 | $401.89 |
| 2001 | 4140 | Separated | $101.59 | 3.25 | $330.17 | $435.55 |
| 2001 | 4150 | Separated | $116.55 | 3.25 | $378.79 | $494.42 |
| 2001 | 4191 | Separated | $104.35 | 3.25 | $339.14 | $442.67 |
| 2001 | 4195 | Separated | $101.59 | 6.50 | $660.33 | $883.36 |
| 2001 | 4198 | Separated | $116.41 | 3.25 | $378.33 | $497.30 |
| 2001 | 4216 | Separated | $94.40 | 3.25 | $306.80 | $400.46 |
| 2001 | 4225 | Separated | $101.59 | 3.25 | $330.17 | $430.96 |
| 2001 | 4277 | Separated | $104.35 | 3.25 | $339.14 | $450.53 |
| 2001 | 4330 | Separated | $94.40 | 3.25 | $306.80 | $406.16 |
| 2001 | 4346 | Separated | $101.59 | 6.50 | $660.33 | $860.43 |
| 2001 | 4420 | Separated | $101.59 | 3.25 | $330.17 | $430.96 |
| 2001 | 4440 | Separated | $94.40 | 3.25 | $306.80 | $399.08 |
| 2001 | 4447 | Separated | $116.55 | 3.25 | $378.79 | $492.72 |
| 2001 | 4476 | Separated | $101.59 | 6.50 | $660.33 | $863.46 |
| 2001 | 4517 | Separated | $34.43 | 3.25 | $111.90 | $148.65 |
| 2001 | 4536 | Separated | $83.98 | 3.25 | $272.94 | $362.59 |
| 2001 | 4550 | Separated | $83.98 | 3.25 | $272.94 | $362.59 |
| 2001 | 4588 | Separated | $34.43 | 3.25 | $111.90 | $148.65 |
| 2001 | 4629 | Separated | $101.59 | 3.25 | $330.17 | $437.10 |
| 2001 | 4713 | Separated | $34.43 | 3.25 | $111.90 | $147.09 |
| 2001 | 4714 | Separated | $34.43 | 3.25 | $111.90 | $147.09 |
| 2001 | 4723 | Separated | $34.43 | 3.25 | $111.90 | $147.61 |
| 2001 | 4727 | Separated | $34.43 | 3.25 | $111.90 | $147.09 |
| 2001 | 4744 | Separated | $34.43 | 3.25 | $111.90 | $147.09 |
| 2001 | 4749 | Separated | $34.43 | 3.25 | $111.90 | $147.09 |
| 2001 | 4781 | Separated | $34.43 | 3.25 | $111.90 | $147.09 |
| 2001 | 4782 | Separated | $34.43 | 3.25 | $111.90 | $147.09 |
| 2001 | 4815 | Separated | $34.43 | 3.25 | $111.90 | $147.09 |
| 2002 | 3074 | Separated | $96.03 | 3.25 | $312.10 | $389.23 |
| 2002 | 2726 | Separated | $83.12 | 3.25 | $270.14 | $341.67 |
| 2002 | 5534 | Separated | $83.12 | 3.25 | $270.14 | $345.30 |
| 2002 | 5699 | Separated | $83.12 | 6.50 | $540.28 | $686.96 |
| 2002 | 5821 | Separated | $81.14 | 6.50 | $527.41 | $675.30 |
| 2002 | 5840 | Separated | $83.35 | 3.25 | $270.89 | $345.03 |
| 2002 | 4126 | Separated | $75.47 | 3.25 | $245.28 | $315.73 |
| 2002 | 4225 | Separated | $81.14 | 6.50 | $527.41 | $661.21 |
| 2002 | 4241 | Separated | $101.59 | 3.25 | $330.17 | $413.19 |
| 2002 | 4264 | Separated | $116.55 | 3.25 | $378.79 | $490.97 |
| 2002 | 4277 | Separated | $81.34 | 3.25 | $264.35 | $333.15 |
| 2002 | 4280 | Separated | $91.54 | 13.00 | $1,190.02 | $1,503.45 |

| Year | Pilot Identification Number | Status | Hourly Rate | Total Vacation Hours | Total Compensation | Compensation with 4.3% Interest |
|---|---|---|---|---|---|---|
| 2002 | 4320 | Separated | $73.65 | 3.25 | $239.36 | $310.25 |
| 2002 | 4343 | Separated | $78.04 | 3.25 | $253.63 | $320.78 |
| 2002 | 4383 | Separated | $96.25 | 3.25 | $312.81 | $404.00 |
| 2002 | 4391 | Separated | $79.19 | 3.25 | $257.37 | $328.98 |
| 2002 | 4398 | Separated | $73.52 | 3.25 | $238.94 | $309.70 |
| 2002 | 4420 | Separated | $79.19 | 3.25 | $257.37 | $324.36 |
| 2002 | 4476 | Separated | $79.19 | 3.25 | $257.37 | $333.59 |
| 2002 | 4502 | Separated | $91.54 | 3.25 | $297.51 | $376.28 |
| 2002 | 4527 | Separated | $93.37 | 3.25 | $303.45 | $381.11 |
| 2002 | 4730 | Separated | $104.11 | 3.25 | $338.36 | $430.96 |
| 2003 | 8111 | Separated | $95.18 | 3.25 | $309.34 | $375.11 |
| 2003 | 5464 | Separated | $104.11 | 3.25 | $338.36 | $418.99 |
| 2003 | 5512 | Separated | $110.60 | 3.25 | $359.45 | $438.95 |
| 2003 | 5699 | Separated | $104.11 | 3.25 | $338.36 | $410.31 |
| 2003 | 5821 | Separated | $104.11 | 13.00 | $1,353.43 | $1,652.84 |
| 2003 | 6021 | Separated | $90.79 | 6.50 | $590.14 | $708.13 |
| 2003 | 6023 | Separated | $101.59 | 3.25 | $330.17 | $398.95 |
| 2003 | 6028 | Separated | $101.59 | 3.25 | $330.17 | $403.19 |
| 2003 | 6132 | Separated | $101.59 | 6.50 | $660.33 | $802.17 |
| 2003 | 6133 | Separated | $104.35 | 16.25 | $1,695.69 | $2,041.84 |
| 2003 | 4126 | Separated | $94.40 | 3.25 | $306.80 | $373.36 |
| 2003 | 4145 | Separated | $94.40 | 3.25 | $306.80 | $368.12 |
| 2003 | 4243 | Separated | $101.59 | 3.25 | $330.17 | $408.84 |
| 2003 | 4272 | Separated | $116.55 | 3.25 | $378.79 | $470.73 |
| 2003 | 4280 | Separated | $116.55 | 13.00 | $1,515.15 | $1,839.45 |
| 2003 | 4357 | Separated | $116.55 | 6.50 | $757.58 | $926.75 |
| 2003 | 4366 | Separated | $101.59 | 6.50 | $660.33 | $799.31 |
| 2003 | 4419 | Separated | $101.59 | 3.25 | $330.17 | $408.84 |
| 2003 | 4420 | Separated | $101.59 | 3.25 | $330.17 | $400.37 |
| 2003 | 4435 | Separated | $101.59 | 3.25 | $330.17 | $406.03 |
| 2003 | 4499 | Separated | $78.04 | 3.25 | $253.63 | $314.07 |
| 2003 | 4536 | Separated | $83.98 | 6.50 | $545.87 | $668.94 |
| 2003 | 4575 | Separated | $83.98 | 3.25 | $272.94 | $339.18 |
| 2003 | 0259 | Separated | $118.03 | 6.50 | $767.19 | $936.87 |
| 2003 | 1860 | Separated | $111.85 | 3.25 | $363.51 | $447.03 |
| 2003 | 1940 | Separated | $111.85 | 3.25 | $363.51 | $450.13 |
| 2004 | 3074 | Separated | $98.84 | 3.25 | $321.23 | $381.37 |
| 2004 | 5653 | Separated | $90.79 | 3.25 | $295.07 | $345.47 |
| 2004 | 5671 | Separated | $100.84 | 3.25 | $327.73 | $386.42 |
| 2004 | 5905 | Separated | $88.63 | 3.25 | $288.05 | $340.84 |
| 2004 | 6021 | Separated | $90.79 | 6.50 | $590.14 | $697.03 |
| 2004 | 6118 | Separated | $81.14 | 3.25 | $263.70 | $313.07 |
| 2004 | 6133 | Separated | $83.35 | 3.25 | $270.89 | $321.61 |
| 2004 | 4117 | Separated | $75.47 | 3.25 | $245.28 | $292.24 |
| 2005 | 5741 | Separated | $92.97 | 3.25 | $302.15 | $342.79 |
| | | | | Total: | $173,803.38 | $204,410.60 |

# EXHIBIT D

## Exhibit D

**Vacation Accrual Sub-Class Calculations:**
**Lineholder Status (January 1, 2001 and April 30, 2003)**

| Pilot Identification Number | Status | Hourly Rate | Total Vacation Hours | Total Compensation | Compensation with 4.3% Interest |
|---|---|---|---|---|---|
| 8325 | Active | $192.51 | 11.88 | $2,287.02 | $3,038.18 |
| 8375 | Active | $181.57 | 11.88 | $2,157.05 | $2,865.53 |
| 9132 | Active | $137.28 | 11.88 | $1,630.89 | $2,189.60 |
| 2543 | Active | $141.42 | 11.88 | $1,680.07 | $2,231.88 |
| 2551 | Active | $141.25 | 11.88 | $1,678.05 | $2,190.31 |
| 2619 | Active | $123.47 | 11.88 | $1,466.82 | $1,941.88 |
| 4451 | Active | $137.28 | 11.88 | $1,630.89 | $2,128.75 |
| 4705 | Active | $125.88 | 11.88 | $1,495.45 | $1,951.97 |
| 4766 | Active | $140.36 | 11.88 | $1,667.48 | $2,191.84 |
| 4957 | Active | $122.54 | 11.88 | $1,455.78 | $1,933.93 |
| 4865 | Active | $122.54 | 11.88 | $1,455.78 | $1,900.19 |
| 4997 | Active | $122.54 | 11.88 | $1,455.78 | $1,900.19 |
| 7998 | Active | $122.31 | 5.94 | $726.52 | $954.98 |
| 8010 | Active | $119.42 | 5.94 | $709.35 | $929.20 |
| 8221 | Active | $106.66 | 5.94 | $633.56 | $841.65 |
| 8355 | Active | $106.66 | 5.94 | $633.56 | $856.50 |
| 8377 | Active | $106.66 | 5.94 | $633.56 | $850.61 |
| 5247 | Active | $96.75 | 5.94 | $574.70 | $747.56 |
| 5276 | Active | $106.94 | 5.94 | $635.22 | $834.97 |
| 5366 | Active | $119.42 | 5.94 | $709.35 | $942.33 |
| 5415 | Active | $104.11 | 5.94 | $618.41 | $833.04 |
| 5434 | Active | $104.11 | 5.94 | $618.41 | $836.02 |
| 4187 | Active | $101.59 | 5.94 | $603.44 | $801.64 |
| 4271 | Active | $86.26 | 5.94 | $512.38 | $668.79 |
| 31 | Active | $156.99 | 12.42 | $1,949.82 | $2,492.32 |
| 7467 | Active | $162.99 | 12.42 | $2,024.34 | $2,614.50 |
| 8494 | Active | $110.89 | 12.42 | $1,377.25 | $1,754.17 |
| 9197 | Active | $110.89 | 12.42 | $1,377.25 | $1,785.11 |
| 2551 | Active | $110.76 | 24.84 | $2,751.28 | $3,449.26 |
| 4865 | Active | $120.72 | 12.42 | $1,499.34 | $1,923.12 |
| 2229 | Active | $85.11 | 6.21 | $528.53 | $685.05 |
| 8321 | Active | $98.30 | 6.21 | $610.44 | $774.83 |
| 5280 | Active | $83.12 | 6.21 | $516.18 | $664.44 |
| 5389 | Active | $83.12 | 6.21 | $516.18 | $666.66 |
| 8944 | Active | $112.00 | 12.50 | $1,400.00 | $1,733.60 |
| 4705 | Active | $107.86 | 12.50 | $1,348.25 | $1,669.52 |
| 5238 | Active | $107.05 | 6.25 | $669.06 | $831.45 |
| 5525 | Active | $103.27 | 6.25 | $645.44 | $793.74 |
| 7979 | Separated | $122.31 | 5.94 | $726.52 | $978.67 |
| 8179 | Separated | $106.66 | 5.94 | $633.56 | $853.45 |

| Pilot Identification Number | Status | Hourly Rate | Total Vacation Hours | Total Compensation | Compensation with 4.3% Interest |
|---|---|---|---|---|---|
| 8358 | Separated | $106.66 | 5.94 | $633.56 | $841.65 |
| 5747 | Separated | $116.55 | 5.94 | $692.31 | $932.59 |
| 5751 | Separated | $119.42 | 5.94 | $709.35 | $958.95 |
| 5779 | Separated | $94.40 | 5.94 | $560.74 | $755.35 |
| 5800 | Separated | $106.94 | 5.94 | $635.22 | $843.86 |
| 5873 | Separated | $116.55 | 11.88 | $1,384.61 | $1,855.56 |
| 4154 | Separated | $104.35 | 5.94 | $619.84 | $834.97 |
| 4159 | Separated | $112.95 | 5.94 | $670.92 | $903.77 |
| 8325 | Separated | $98.30 | 6.21 | $610.44 | $782.98 |
| 6073 | Separated | $81.14 | 6.21 | $503.88 | $650.78 |
| 0259 | Separated | $94.01 | 24.84 | $2,335.21 | $3,021.38 |
| 0372 | Separated | $111.85 | 6.21 | $694.59 | $897.08 |
| 4232 | Separated | $101.59 | 6.25 | $634.94 | $786.24 |
| 5177 | Separated | $123.47 | 12.50 | $1,543.38 | $1,898.00 |
| | | | Total: | $58,471.95 | $76,194.59 |

# EXHIBIT E

## Exhibit E

### Vacation Accrual Sub-Class Calculations:
### Lineholder Status (May 1, 2003 and February 29, 2008)

| Pilot Identification Number | Status | Hourly Rate | Total Vacation Hours | Total Compensation | Compensation with 4.3% Interest |
|---|---|---|---|---|---|
| 8814 | Active | $112.00 | 6.50 | $728.00 | $882.79 |
| 4761 | Active | $105.00 | 6.50 | $682.50 | $827.62 |
| 8020 | Active | $95.18 | 3.25 | $309.34 | $372.49 |
| 8206 | Active | $107.05 | 6.50 | $695.83 | $843.80 |
| 8298 | Active | $95.18 | 3.25 | $309.34 | $377.76 |
| 8431 | Active | $95.50 | 6.50 | $620.75 | $754.05 |
| 5365 | Active | $92.97 | 13.00 | $1,208.61 | $1,486.28 |
| 5570 | Active | $92.97 | 3.25 | $302.15 | $370.29 |
| 5687 | Active | $92.97 | 6.50 | $604.31 | $723.84 |
| 6010 | Active | $90.79 | 3.25 | $295.07 | $352.82 |
| 6144 | Active | $94.40 | 6.50 | $613.60 | $738.83 |
| 7528 | Active | $156.69 | 6.50 | $1,018.49 | $1,200.87 |
| 9056 | Active | $106.55 | 6.50 | $692.58 | $810.89 |
| 2956 | Active | $122.50 | 6.50 | $796.25 | $942.19 |
| 4565 | Active | $122.50 | 6.50 | $796.25 | $912.85 |
| 4764 | Active | $113.59 | 6.50 | $738.33 | $873.65 |
| 4761 | Active | $106.55 | 6.50 | $692.58 | $802.35 |
| 8171 | Active | $98.84 | 3.25 | $321.23 | $370.86 |
| 8373 | Active | $98.84 | 3.25 | $321.23 | $380.10 |
| 8492 | Active | $96.58 | 6.50 | $627.77 | $746.64 |
| 5687 | Active | $94.34 | 3.25 | $306.60 | $360.26 |
| 8525 | Active | $124.25 | 6.50 | $807.63 | $897.06 |
| 4664 | Active | $124.25 | 6.50 | $807.63 | $916.25 |
| 4865 | Active | $111.07 | 16.25 | $1,804.89 | $2,019.04 |
| 4956 | Active | $108.12 | 6.50 | $702.78 | $788.91 |
| 8001 | Active | $115.21 | 3.25 | $374.43 | $420.32 |
| 8108 | Active | $103.39 | 3.25 | $336.02 | $379.86 |
| 8367 | Active | $103.39 | 3.25 | $336.02 | $374.56 |
| 5389 | Active | $100.30 | 3.25 | $325.98 | $369.82 |
| 5570 | Active | $100.30 | 3.25 | $325.98 | $368.51 |
| 8494 | Active | $124.25 | 6.50 | $807.63 | $872.34 |
| 2954 | Active | $124.25 | 6.50 | $807.63 | $881.41 |
| 1730 | Active | $108.12 | 6.50 | $702.78 | $751.09 |
| 4664 | Active | $124.25 | 6.50 | $807.63 | $857.12 |
| 4787 | Active | $124.25 | 6.50 | $807.63 | $860.08 |
| 4897 | Active | $124.25 | 13.00 | $1,615.25 | $1,765.97 |
| 4748 | Active | $108.12 | 6.50 | $702.78 | $748.42 |
| 4819 | Active | $124.25 | 6.50 | $807.63 | $866.24 |
| 4830 | Active | $120.11 | 13.00 | $1,561.43 | $1,692.47 |
| 8171 | Active | $105.74 | 6.50 | $687.31 | $729.42 |

| Pilot Identification Number | Status | Hourly Rate | Total Vacation Hours | Total Compensation | Compensation with 4.3% Interest |
|---|---|---|---|---|---|
| 8367 | Active | $103.39 | 6.50 | $672.03 | $730.98 |
| 5231 | Active | $103.39 | 6.50 | $672.03 | $720.80 |
| 5280 | Active | $103.39 | 6.50 | $672.03 | $720.80 |
| 5303 | Active | $103.39 | 3.25 | $336.02 | $368.03 |
| 5305 | Active | $103.39 | 3.25 | $336.02 | $361.65 |
| 5347 | Active | $103.39 | 3.25 | $336.02 | $366.72 |
| 5570 | Active | $103.39 | 3.25 | $336.02 | $357.84 |
| 0403 | Active | $159.00 | 9.75 | $1,550.25 | $1,697.92 |
| 164 | Active | $159.00 | 6.50 | $1,033.50 | $1,073.98 |
| 4705 | Active | $108.12 | 6.50 | $702.78 | $717.57 |
| 4774 | Active | $108.12 | 6.50 | $702.78 | $735.36 |
| 4761 | Active | $108.12 | 6.50 | $702.78 | $725.20 |
| 8171 | Active | $105.74 | 6.50 | $687.31 | $719.18 |
| 8347 | Active | $103.39 | 6.50 | $672.03 | $693.47 |
| 2362 | Active | $103.39 | 6.5 | $672.03 | $681.37 |
| 5280 | Active | $103.39 | 6.5 | $672.03 | $698.35 |
| 5365 | Active | $103.39 | 6.5 | $672.03 | $693.47 |
| 5443 | Active | $103.39 | 6.5 | $672.03 | $703.19 |
| 5482 | Active | $103.39 | 6.5 | $672.03 | $688.62 |
| 5570 | Active | $103.39 | 6.5 | $672.03 | $703.19 |
| 4159 | Separated | $112.95 | 3.25 | $367.09 | $448.28 |
| 8179 | Separated | $101.53 | 3.25 | $329.97 | $393.15 |
| 8241 | Separated | $96.58 | 16.25 | $1,569.43 | $1,853.73 |
| 2730 | Separated | $92.97 | 3.25 | $302.15 | $360.00 |
| 077 | Separated | $156.69 | 6.5 | $1,018.49 | $1,135.31 |
| 3074 | Separated | $96.58 | 3.25 | $313.89 | $348.65 |
| | | | Total: | $45,154.67 | $50,386.93 |

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK WOODALL, | § | |
| MICHAEL P. MCMAHON, | § | |
| PAUL J. MADSON, | § | |
| Individually and on behalf of a class | § | |
| of all similarly situated persons, | § | Civil Action No. 3:06-CV-0072-M |
| | § | **ECF** |
| Plaintiffs, | § | Judge Barbara M.G. Lynn |
| | § | |
| v. | § | |
| | § | |
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

NOTICE OF PROPOSED SETTLEMENT OF
CLASS ACTION AND SETTLEMENT HEARING

TO:   ALL PERSONS WHO ARE OR WERE EMPLOYED BY AMERICAN
AIRLINES, INC. ("AMERICAN") AS PILOTS FOR ANY LENGTH OF
TIME FROM JANUARY 1, 2001 THROUGH FEBRUARY 29, 2008,
(THE "SETTLEMENT CLASS PERIOD"), WHO HAVE TAKEN,
WERE ELIGIBLE TO TAKE, OR MAY TAKE A MILITARY LEAVE
OF ABSENCE DUE TO SERVICE IN THE UNITED STATES
UNIFORMED SERVICES (THE "SETTLEMENT CLASS").

**YOU ARE HEREBY NOTIFIED THAT:**

1.    If you are a member of the above-described Settlement Class, your rights

will be affected by the events in this lawsuit (the "Litigation"), which is pending in the

United States District Court for the Northern District of Texas, Dallas Division (the

"Court").

2.    A proposed settlement has been reached between the Settlement Class and

American in regard to the Litigation, the terms of which are set forth in a Settlement

Agreement, dated _____ _____, 2008 (the "Agreement").  The Agreement has

been granted preliminary approval by the Court, and a copy of the Agreement is posted online at https://www.aapilots.com.

3.     If you are a person who falls within the definition of the Settlement Class, you will be entitled to relief under the Agreement, which may include a monetary payment, as explained below in Section II of this Notice.

4.     If you wish to object to or comment on the Agreement, or to any part of the Agreement, you must do so in writing no later than _____ _____, 2008, as explained below in Section III of this Notice.

5.     A "Fairness Hearing" addressing whether the Agreement should be finally approved as fair, reasonable and adequate will be held on _____ _____, 2008, at ____, at the United States District Court, Northern District of Texas, 1100 Commerce Street, Dallas, Texas, before the Honorable Barbara M.G. Lynn.

6.     You may appear at this hearing, but in order to object at the hearing, you must submit your objection in writing using the procedure explained in Section III of this Notice.

I.     NATURE AND STATUS OF THE LITIGATION

1.     On January 12, 2006, plaintiffs Mark Woodall, Michael P. McMahon and Paul J. Madson (the "Representative Plaintiffs") filed a class action complaint in the United States District Court for the Northern District of Texas ("Complaint") alleging that American violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301 *et seq.*, by denying them, and a potential class of pilots, accrual of sick leave and vacation benefits while on military leaves of absence.  The Complaint was subsequently amended twice, in October 2006 and January

2007, and American answered the Representative Plaintiffs' Second Amended Complaint in February 2008. The Second Amended Complaint sets forth two claims for relief relevant to the Settlement Class. First, Representative Plaintiffs allege that American violated USERRA by not allowing pilots absent for military service to accrue vacation benefits to the same extent as pilots on comparable forms of non-military leave (the "Vacation Accrual Claim"). Second, Representative Plaintiffs allege that American violated USERRA by not allowing pilots absent for military service to accrue sick leave benefits to the same extent as pilots on comparable forms of non-military leave (the "Sick Leave Accrual Claim").

  2.  .The Court has conditionally certified a Settlement Class as follows:

> ALL PERSONS WHO ARE OR WERE EMPLOYED BY
> AMERICAN AS PILOTS FOR ANY LENGTH OF TIME
> FROM JANUARY 1, 2001 THROUGH FEBRUARY 29,
> 2008, WHO HAVE TAKEN, WERE ELIGIBLE TO
> TAKE, OR MAY TAKE A MILITARY LEAVE OF
> ABSENCE DUE TO SERVICE IN THE UNITED
> STATES UNIFORMED SERVICES.

  3.  The Representative Plaintiffs and the Settlement Class are represented by Esther G. Lander, John P. Cunningham, and Andrew Braniff, of the U.S. Department of Justice, Civil Rights Division ("Settlement Class Counsel"). American is represented by Ralph I. Miller, Michelle Hartmann Murawski, and Margaret H. Allen of the law firm of Weil, Gotshal & Manges LLP.

  4.  ·On _____ _____, 2008, the Court approved the mailing of this Notice of Proposed Settlement of Class Action and Settlement Hearing to the Settlement Class.

  5.  Settlement Class Counsel and counsel for American have conducted substantial factual and legal investigations since this lawsuit was filed, and have engaged

in extensive settlement negotiations.  During these negotiations, counsel for both sides

have:  (i) conducted an extensive investigation of the factual and legal issues involved in

the Litigation; (ii) reviewed voluminous documents, data compilations, and other

materials relevant to Representative Plaintiffs' claims and American's defenses; and (iii)

retained separate consulting experts to provide in-depth analyses of exchanged

information.  Accordingly, the Parties were able to reliably assess the strengths and

weaknesses of one another's positions.

      6.     American has denied, and continues to deny, each and all of the claims

and contentions alleged by the Settlement Class.  American has also asserted several

defenses to the claims and contentions alleged by the Settlement Class.  American has

nonetheless concluded that to continue the Litigation would be time-consuming and

expensive.  Accordingly, American has decided to settle the Litigation under the terms

and conditions set forth in the Agreement, and described below.

      7.     Settlement Class Counsel and the Representative Plaintiffs believe their

claims have merit.  They also recognize, however, that the Litigation has an uncertain

outcome and that continuing this Litigation involves both substantial risk and inevitable

delay.  Accordingly, Settlement Class Counsel and the Representative Plaintiffs have

decided that settlement, under the terms and conditions set forth in the Agreement and

described below, is in the best interest of the Settlement Class.

## II.    SUMMARY OF PROPOSED SETTLEMENT

     The following description is only a summary of the principal provisions of the

Agreement.  The complete Agreement is on file with the Court, and available at

https://www.aapilots.com.

1.    <u>Non-Monetary Benefits</u>. American has agreed to make available the following non-monetary benefits to all Settlement Class Members for a period of three years from the time this Agreement is finally approved by the Court, assuming the appeal period has been exhausted without any material changes to the Agreement:

a.    American shall comply with the provisions of USERRA.

b.    American shall provide all currently employed pilots who take a military leave of absence of 16 days or less (a "Qualified Leave") all vacation and sick leave benefits that would be afforded such pilots if they were not absent for such Qualified Leave.

c.    American shall make a copy of the Agreement available to all pilots and flight management personnel on the Internet at http://www.aapilots.com.

d.    American shall, if necessary, modify any agreement, practice, order, or policy currently in place to ensure that all currently employed pilots who are in the Uniformed Services and who take a Qualified Leave are provided all vacation and sick leave benefits that would be afforded such pilots if they were not absent for such Qualified Leave.  Further, during the Injunctive Period, American shall not establish or adopt any agreement, practice, order, or policy unless it ensures that all pilots who are in the Uniformed Services and who take a Qualified Leave are provided all vacation and sick leave benefits that would be afforded such pilots if they were not absent for such Qualified Leave.

e.    American shall continue not to take any action against any future, current, or former employee because he or she has opposed discrimination on the basis of membership in the Uniformed Services, filed a charge of a violation of USERRA,

testified, furnished information or participated in any manner in any investigation,

proceeding or hearing in connection with any charge or complaint of a violation of

USERRA, or participated in any manner in connection with the monitoring or

implementation of the Agreement, or sought and/or received any monetary and/or non-

monetary benefits pursuant to the Agreement.

2.     Financial Benefits.  In addition to the non-monetary benefits described

above, American shall pay a total sum of $345,772.80 as remedial compensation to

certain Settlement Class Members and provide sick leave credits as remedial relief to

certain Settlement Class Members.  If you are entitled to either money or sick leave

credits under the terms of the Agreement, information about the credit and/or money

payment you stand to receive under the Agreement is attached to this Notice as Exhibit

A.  If you are not entitled to money or sick leave credit under the Agreement, you are still

entitled to the non-monetary benefits explained above in Section II.1.  Vacation and sick

leave payouts and credits were calculated as follows:

a.     Sick Leave Accrual Claim.  To resolve the sick leave accrual

claim, American will be compensating those pilots with sick leave equal to the maximum

number of sick leave hours that each would have accrued had he or she not taken a

Qualified Leave, as follows:

> (i)     For Settlement Class Members who are currently-employed by
> American and had a Qualified Leave between January 1, 2001 and April
> 30, 2003, and did not subsequently expend all available sick leave during
> the Settlement Class Period, each sick day not accrued as a result of such
> Qualified Leave shall be converted to hours and credited at the rate of 6.7
> hours per day of reduced or non-accrued sick leave.

> (ii)     For Settlement Class Members who are currently-employed by
> American and had a Qualified Leave between May 1, 2003 and February
> 29, 2008, and did not subsequently expend all available sick leave during
> the Settlement Class Period, each sick day not accrued as a result of such

Qualified Leave shall be credited at a rate of 5 hours of sick leave per month.

(iii)   American will also be providing remedial compensation to Members of the Settlement Class at a rate of 3.25 hours per day of sick leave reduced in any month in which the Settlement Class Member took a Qualified Leave during the Settlement Class Period and who subsequently expended all available sick leave during the Settlement Class Period. Such rate shall be multiplied by the Settlement Class Member's highest rate of pay for the year in which his or her sick leave was reduced as a result of the Qualified Leave.  American will also pay interest on this amount at the rate of 4.3 percent compounded annually through February 29, 2008.

b.    <u>Vacation Accrual Claim</u>.  American will be providing remedial compensation to resolve the Vacation Accrual Claim as follows:

(i)    For Settlement Class Members who regularly flew reserve status during a year in which they took a Qualified Leave and subsequently had their vacation accrual reduced as a result of such Qualified Leave, American will be providing remedial compensation at the rate of 3.25 hours per day of reduced vacation.  Such rate will be multiplied by the Settlement Class Member's highest rate of pay for the year in which his or her vacation accrual was reduced as a result of a Qualified Leave. American will also pay interest on this amount at the rate of 4.3 percent compounded annually through February 29, 2008.

(ii)    For Settlement Class Members who regularly flew lineholder status during a year in which they took a Qualified Leave between January 1, 2001 and April 30, 2003, and subsequently had their vacation accrual reduced as a result of a Qualified Leave, American will be providing remedial compensation at a rate equal to the number of hours of pay commensurate with the average number of hours used for a Personal Vacation Day ("PVD") by pilots at American during the year of reduced accrual.  This rate will be multiplied by the Settlement Class Member's highest rate of pay for the year in which his or her vacation accrual was reduced as a result of the Settlement Class Member's Qualified Leave. American will also pay interest on this amount at the rate of 4.3 percent compounded annually through February 29, 2008.

(iii)    For Settlement Class Members who regularly flew lineholder status during a year in which they took a Qualified Leave between May 1, 2003 and February 29, 2008, and subsequently had their vacation accrual reduced as a result of a Qualified Leave, American will be providing remedial compensation at the rate of 3.25 hours per day of reduced vacation.  This rate will be multiplied by the Settlement Class Member's

highest rate of pay for the year in which his or her vacation accrual was reduced as a result of the Settlement Class Member's Qualified Leave. American will also pay interest on this amount at the rate of 4.3 percent compounded annually through February 29, 2008.

c.    Tax Treatment of Financial Benefits. American will include with the check(s) due to the Representative Plaintiffs and Settlement Class Members a statement showing the gross amount of the payment and an itemized statement of all deductions made. Amounts designated as payments in lieu of wages will be pensionable and subject to any applicable federal, state, or local taxes and payroll tax withholding deductions and will be reported to the IRS on Form W-2. American will also pay all employer contributions due on individual monetary awards under the Agreement, and the employer contributions will not be deducted from the Settlement Class Members' award or any of the individual monetary awards. Any amounts designated as interest will not be subject to withholdings or contributions and will be reported, if required, to the IRS on Form 1099-INT. The Settlement Class Members are each individually and solely responsible for any taxes that may be assessed against them related to amounts designated as interest. **BY ACCEPTING THE FINANCIAL BENEFIT WITH INTEREST, SETTLEMENT CLASS MEMBERS ARE AGREEING TO INDEMNIFY AMERICAN AND HOLD IT HARMLESS AGAINST ANY TAX CLAIMS, ASSESSMENTS, DEMANDS, SETTLEMENTS, PENALTIES AND INTEREST FOUND TO BE OWED BY THE SETTLEMENT CLASS MEMBERS AS A RESULT OF ANY PAYMENT OF AMOUNTS DESIGNATED AS INTEREST MADE PURSUANT TO THE AGREEMENT.**

3.    Release of Claims. In return for the benefits described above, as of the date of entry of the Final Order, Members of the Settlement Class, on behalf of

themselves, their heirs, executors, personal representatives, administrators, successors, agents, assigns, and all persons they represent (whether express, by implication or by operation of law) in their capacity as such, will discharge and fully release all claims against American, its parent, and each and all of their respective current and former principals, partners, managers, shareholders, employees, directors, successors, predecessors, assigns, insurers, agents, administrators, attorneys, trustees, accountants, advisors, associates, executors, trusts, and representatives of any kind, under USERRA by any of the Representative Plaintiffs and/or Settlement Class Members against any of the Released Persons that arise out of, or are based upon, the Vacation Accrual Claim or the Sick Leave Accrual Claim, including individual, or class claims, complaints, grievances, liabilities, obligations, promises, agreements, damages, rights, debts, duties, demands, controversies, liens, actions, administrative proceedings, sums of money, lawsuits, interest, suits, judgments, decrees, penalties, sanctions, injuries, contributions, indemnities, compensation, costs, losses, and expenses (including attorneys' fees and expenses), fees, actions, potential actions, matters, issues, and controversies, whether known or unknown, fixed or contingent, whether asserted or unasserted, whether pleaded or unpleaded, whether suspected or unsuspected, from January 1, 2001, until February 29, 2008 (the "Released Claims").

    4.    <u>The Final Order</u>.  Following the Fairness Hearing, the Parties have asked the Court to enter a Final Order that:

        a.    Finally approves the Agreement as fair, reasonable and adequate as to Members of the Settlement Class, and directs the consummation and performance of the terms of the Agreement;

b.     Finally certifies the Settlement Class;

c.     Finally approves the implementation of all the non-monetary and ·financial benefits to Representative Plaintiffs and Settlement Class Members under the Agreement;

d.     Provides that all Settlement Class Members shall be deemed to have released the Released Claims and shall be forever barred from prosecuting any action against American based on, or arising out of, the Released Claims;

e.     Enters a Final Order, finally dismissing the Litigation against American without prejudice, and extinguishing all Released Claims, such dismissal and extinguishment to be binding upon the Representative Plaintiffs and all Settlement Class Members;

·f.     Provides that American is released and discharged from the Released Claims; and

g.     Retains jurisdiction over all matters relating to the modification, interpretation, implementation, effectuation, enforcement, and administration of the settlement as set forth in the Agreement.

III.     FAIRNESS HEARING ON THE PROPOSED SETTLEMENT

1.     A "Fairness Hearing" will be held on _____ _____, 2008 at _____, at the United States District Court, Northern District of Texas, 1100 Commerce Street, Courtroom 1570, Dallas, Texas, before the Honorable Barbara M.G. Lynn, to determine whether the proposed settlement should be finally approved as fair, reasonable and adequate. If approved, the Court will enter the Final Order, as described above,

containing a release with respect to the vacation accrual and sick leave accrual USERRA claims alleged in this action, and an Order dismissing this action without prejudice in accordance with the Agreement. The Fairness Hearing may be continued without further notice.

2.      IF YOU ARE SATISFIED WITH THIS PROPOSED SETTLEMENT AGREEMENT, YOU NEED NOT APPEAR AT THE HEARING.

3.      If you object to the fairness, reasonableness, or adequacy of the Agreement you must mail, postmarked by no later than _____ _____, 2008, a written objection containing the following information:  (i) a statement of each objection asserted; (ii) a detailed description of the facts underlying each objection; (iii) a statement of whether the objector intends to appear and argue at the Fairness Hearing and, if so, how long the objector anticipates needing to present the objection; (iv) all exhibits and statements that the objector may offer during the Fairness Hearing; and (v) a list of all witnesses that the objector may call to testify live during the Fairness Hearing, and a summary of their anticipated testimony.  Papers that are not received by counsel of record in an envelope postmarked no later than _____ _____, 2008, will not be considered by the Court.  IF YOU DO NOT SUBMIT A TIMELY WRITTEN OBJECTION AND THE AGREEMENT IS APPROVED BY THE COURT, YOU WILL HAVE WAIVED YOUR RIGHT TO CHALLENGE ANY OF THE PROVISIONS IN THE AGREEMENT.

4.      Written objections must be mailed to:

Attorneys for the Representative Plaintiffs and the Class:

Esther G. Lander, Esq.
John P. Cunningham, Esq.

Andrew Braniff, Esq.
U.S. Department of Justice, Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, N.W.
Patrick Henry Building, Fourth Floor
Washington, DC  20530

Attorneys for American:

Ralph I. Miller, Esq.
Michelle Hartmann Murawski, Esq.
Weil, Gotshal & Manges LLP
200 Crescent Court, Suite 300
Dallas, TX  75201

5.      If you have submitted a written objection, you may, but are not required

to, appear at the Fairness Hearing on _____ _____, 2008, personally or by counsel

of your own choosing and at your own expense, to show cause why the Agreement

should not be finally approved.  Only Settlement Class Members who submitted written

objections will be allowed to present arguments at the Fairness Hearing.

6.      Any Settlement Class Member who does not object in the manner

provided above shall be deemed to have waived his or her objection and shall forever be

foreclosed from objecting to the fairness or adequacy of the proposed Agreement.

7.      Objecting to the Agreement in the manner described above does not

constitute a request to be excluded from the settlement embodied in the Agreement.

Rather, an objection will allow the objector to be heard before the Agreement becomes

final.  Once the Agreement is finally approved by the Court, all Settlement Class

Members will be bound by its terms.

IV.  **ADDITIONAL INFORMATION**

1.      This Notice is only a summary of this Litigation, the Agreement, and the matters relating to them.  To obtain copies of this Notice and to make inquiries with respect to the Agreement, you may send an e-mail message to Settlement Class Counsel at AAClassActionPilots.2008@usdoj.gov.  For more detailed information regarding the Agreement or this case, you may also review the complete Court files in this Litigation at the office of the Clerk of the Court of the United States District Court for the Northern District of Texas, 1100 Commerce Street, Room 1452, Dallas, Texas, during its regular business hours.

2.      Please do not contact American or counsel for American regarding inquiries relating to the Litigation and/or the Agreement.

By Order of the Court.

Dated:      Dallas, Texas

            _____ _____, 2008

                                        CLERK
                                        United States District Court
                                        Northern District of New York
                                        1100 Commerce Street, Room 1452
                                        Dallas, Texas  75242-1003

EXHIBIT A

**Employee Number: ######**

Individual information regarding sick hours to be credited (in hours), monetary payment for reduced vacation accrual (in U.S. Dollars), and/or monetary payment for reduced sick leave accrual (in U.S. Dollars) will be provided for each Settlement Class Member.


IF YOU WOULD LIKE ADDITIONAL DETAILS REGARDING THE SETTLEMENT AGREEMENT OR YOUR RIGHTS UNDER THE AGREEMENT, PLEASE EMAIL SETTLEMENT CLASS COUNSEL AT AACLASSACTIONPILOTS.2008@USDOJ.GOV.

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK WOODALL, | § | |
| MICHAEL P. MCMAHON, | § | |
| PAUL J. MADSON, | § | |
| Individually and on behalf of a class | § | |
| of all similarly situated persons, | § | Civil Action No. 3:06-CV-0072-M |
| | § | ECF |
| Plaintiffs, | § | Judge Barbara M.G. Lynn |
| | § | |
| v. | § | |
| | § | |
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

PUBLIC NOTICE OF PROPOSED
SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING

TO:   ALL PERSONS WHO ARE OR WERE EMPLOYED BY AMERICAN
AIRLINES, INC. ("AMERICAN") AS PILOTS FOR ANY LENGTH OF
TIME FROM JANUARY 1, 2001 THROUGH FEBRUARY 29, 2008,
(THE "SETTLEMENT CLASS PERIOD"), WHO HAVE TAKEN,
WERE ELIGIBLE TO TAKE, OR MAY TAKE A MILITARY LEAVE
OF ABSENCE DUE TO SERVICE IN THE UNITED STATES
UNIFORMED SERVICES (THE "SETTLEMENT CLASS").

YOU ARE HEREBY NOTIFIED THAT:

1.     If you are a member of the above-described Settlement Class, your rights

will be affected by the events in this lawsuit (the "Litigation"), which is pending in the

United States District Court for the Northern District of Texas, Dallas Division (the

"Court").

2.     A proposed settlement has been reached between the Settlement Class and

American in regard to the Litigation, the terms of which are set forth in a Settlement

Agreement, dated _____ _____, 2008 (the "Agreement").  The Agreement has

been granted preliminary approval by the Court, and a copy of the Agreement is posted online at https://www.aapilots.com.

       3.     If you are a person who falls within the definition of the Settlement Class, you will be entitled to relief under the Agreement, which may include a monetary payment, as explained below in Section II of this Public Notice.

       4.     If you wish to object to or comment on the Agreement, or to any part of the Agreement, you must do so in writing no later than _____ _____, 2008, as explained below in Section III of this Public Notice.

       5.     A "Fairness Hearing" addressing whether the Agreement should be finally approved as fair, reasonable and adequate will be held on _____ _____, 2008, at _____, at the United States District Court, Northern District of Texas, 1100 Commerce Street, Dallas, Texas, before the Honorable Barbara M.G. Lynn.

       6.     .You may appear at this hearing, but in order to object at the hearing, you must submit your objection in writing using the procedure explained in Section III of this Public Notice.

I.     **NATURE AND STATUS OF THE LITIGATION**

       1.     On January 12, 2006, plaintiffs Mark Woodall, Michael P. McMahon and Paul J. Madson (the "Representative Plaintiffs") filed a class action complaint in the United States District Court for the Northern District of Texas ("Complaint") alleging that American violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301 *et seq.*, by denying them, and a potential class of pilots, accrual of sick leave and vacation benefits while on military leaves of absence. The Complaint was subsequently amended twice, in October 2006 and January

2007, and American answered the Representative Plaintiffs' Second Amended Complaint in February 2008. The Second Amended Complaint sets forth two claims for relief relevant to the Settlement Class. First, Representative Plaintiffs allege that American violated USERRA by not allowing pilots absent for military service to accrue vacation benefits to the same extent as pilots on comparable forms of non-military leave (the "Vacation Accrual Claim"). Second, Representative Plaintiffs allege that American violated USERRA by not allowing pilots absent for military service to accrue sick leave benefits to the same extent as pilots on comparable forms of non-military leave (the "Sick Leave Accrual Claim").

2.    The Court has conditionally certified a Settlement Class as follows:

> ALL PERSONS WHO ARE OR WERE EMPLOYED BY
> AMERICAN AS PILOTS FOR ANY LENGTH OF TIME
> FROM JANUARY 1, 2001 THROUGH FEBRUARY 29,
> 2008, WHO HAVE TAKEN, WERE ELIGIBLE TO
> TAKE, OR MAY TAKE A MILITARY LEAVE OF
> ABSENCE DUE TO SERVICE IN THE UNITED
> STATES UNIFORMED SERVICES.

3.    The Representative Plaintiffs and the Settlement Class are represented by Esther G. Lander, John P. Cunningham, and Andrew Braniff, of the U.S. Department of Justice, Civil Rights Division ("Settlement Class Counsel"). American is represented by Ralph I. Miller, Michelle Hartmann Murawski, and Margaret H. Allen of the law firm of Weil, Gotshal & Manges LLP.

4.    On _____ _____, 2008, the Court approved the publication of this Public Notice.

5.    Settlement Class Counsel and counsel for American have conducted substantial factual and legal investigations since this lawsuit was filed, and have engaged in extensive settlement negotiations. During these negotiations, counsel for both sides

have: (i) conducted an extensive investigation of the factual and legal issues involved in the Litigation; (ii) reviewed voluminous documents, data compilations, and other materials relevant to Representative Plaintiffs' claims and American's defenses; and (iii) retained separate consulting experts to provide in-depth analyses of exchanged information. Accordingly, the Parties were able to reliably assess the strengths and weaknesses of one another's positions.

6.      American has denied, and continues to deny, each and all of the claims and contentions alleged by the Settlement Class. American has also asserted several defenses to the claims and contentions alleged by the Settlement Class. American has nonetheless concluded that to continue the Litigation would be time-consuming and expensive. Accordingly, American has decided to settle the Litigation under the terms and conditions set forth in the Agreement, and described below.

7.      Settlement Class Counsel and the Representative Plaintiffs believe their claims have merit. They also recognize, however, that the Litigation has an uncertain outcome and that continuing this Litigation involves both substantial risk and inevitable delay. Accordingly, Settlement Class Counsel and the Representative Plaintiffs have decided that settlement, under the terms and conditions set forth in the Agreement and described below, is in the best interest of the Settlement Class.

## II.    SUMMARY OF PROPOSED SETTLEMENT

The following description is only a summary of the principal provisions of the Agreement. The complete Agreement is on file with the Court, and available at https://www.aapilots.com.

1.   <u>Non-Monetary Benefits</u>.  American has agreed to make available the following non-monetary benefits to all Settlement Class Members for a period of three years from the time this Agreement is finally approved by the Court, assuming the appeal period has been exhausted without any material changes to the Agreement:

    a.   American shall comply with the provisions of USERRA.

    b.   American shall provide all currently employed pilots who take a military leave of absence of 16 days or less (a "Qualified Leave") all vacation and sick leave benefits that would be afforded such pilots if they were not absent for such Qualified Leave.

    c.   American shall make a copy of the Agreement available to all pilots and flight management personnel on the Internet at http://www.aapilots.com.

    d.   American shall, if necessary, modify any agreement, practice, order, or policy currently in place to ensure that all currently employed pilots who are in the Uniformed Services and who take a Qualified Leave are provided all vacation and sick leave benefits that would be afforded such pilots if they were not absent for such Qualified Leave.  Further, during the Injunctive Period, American shall not establish or adopt any agreement, practice, order, or policy unless it ensures that all pilots who are in the Uniformed Services and who take a Qualified Leave are provided all vacation and sick leave benefits that would be afforded such pilots if they were not absent for such Qualified Leave.

    e.   American shall continue not to take any action against any future, current, or former employee because he or she has opposed discrimination on the basis of membership in the Uniformed Services, filed a charge of a violation of USERRA,

testified, furnished information or participated in any manner in any investigation,

proceeding or hearing in connection with any charge or complaint of a violation of

USERRA, or participated in any manner in connection with the monitoring or

implementation of the Agreement, or sought and/or received any monetary and/or non-

monetary benefits pursuant to the Agreement.

2.      Financial Benefits.  In addition to the non-monetary benefits described

above, American shall pay a total sum of $345,772.80 as remedial compensation to

certain Settlement Class Members and provide sick leave credits as remedial relief to

certain Settlement Class Members.  If you are not entitled to money or sick leave credit

under the Agreement, you are still entitled to the non-monetary benefits explained above

in Section II.1.  Vacation and sick leave payouts and credits were calculated as follows:

a.      Sick Leave Accrual Claim.  To resolve the sick leave accrual

claim, American will be compensating those pilots with sick leave equal to the maximum

number of sick leave hours that each would have accrued had he or she not taken a

Qualified Leave, as follows:

(i)      For Settlement Class Members who are currently-employed by
American and had a Qualified Leave between January 1, 2001 and April
30, 2003, and did not subsequently expend all available sick leave during
the Settlement Class Period, each sick day not accrued as a result of such
Qualified Leave shall be converted to hours and credited at the rate of 6.7
hours per day of reduced or non-accrued sick leave.

(ii)     For Settlement Class Members who are currently-employed by
American and had a Qualified Leave between May 1, 2003 and February
29, 2008, and did not subsequently expend all available sick leave during
the Settlement Class Period, each sick day not accrued as a result of such
Qualified Leave shall be credited at a rate of 5 hours of sick leave per
month.

(iii)    American will also be providing remedial compensation to
Members of the Settlement Class at a rate of 3.25 hours per day of sick
leave reduced in any month in which the Settlement Class Member took a

Qualified Leave during the Settlement Class Period and who subsequently expended all available sick leave during the Settlement Class Period. Such rate shall be multiplied by the Settlement Class Member's highest rate of pay for the year in which his or her sick leave was reduced as a result of the Qualified Leave. American will also pay interest on this amount at the rate of 4.3 percent compounded annually through February 29, 2008.

      b.   <u>Vacation Accrual Claim</u>.  American will be providing remedial compensation to resolve the Vacation Accrual Claim as follows:

      (i)    For Settlement Class Members who regularly flew reserve status during a year in which they took a Qualified Leave and subsequently had their vacation accrual reduced as a result of such Qualified Leave, American will be providing remedial compensation at the rate of 3.25 hours per day of reduced vacation.  Such rate will be multiplied by the Settlement Class Member's highest rate of pay for the year in which his or her vacation accrual was reduced as a result of a Qualified Leave. American will also pay interest on this amount at the rate of 4.3 percent compounded annually through February 29, 2008.

      (ii)   For Settlement Class Members who regularly flew lineholder status during a year in which they took a Qualified Leave between January 1, 2001 and April 30, 2003, and subsequently had their vacation accrual reduced as a result of a Qualified Leave, American will be providing remedial compensation at a rate equal to the number of hours of pay commensurate with the average number of hours used for a Personal Vacation Day ("PVD") by pilots at American during the year of reduced accrual.  This rate will be multiplied by the Settlement Class Member's highest rate of pay for the year in which his or her vacation accrual was reduced as a result of the Settlement Class Member's Qualified Leave. American will also pay interest on this amount at the rate of 4.3 percent compounded annually through February 29, 2008.

      (iii)  For Settlement Class Members who regularly flew lineholder status during a year in which they took a Qualified Leave between May 1, 2003 and February 29, 2008, and subsequently had their vacation accrual reduced as a result of a Qualified Leave, American will be providing remedial compensation at the rate of 3.25 hours per day of reduced vacation.  This rate will be multiplied by the Settlement Class Member's highest rate of pay for the year in which his or her vacation accrual was reduced as a result of the Settlement Class Member's Qualified Leave. American will also pay interest on this amount at the rate of 4.3 percent compounded annually through February 29, 2008.

c.      Tax Treatment of Financial Benefits. American will include with
the check(s) due to the Representative Plaintiffs and Settlement Class Members a
statement showing the gross amount of the payment and an itemized statement of all
deductions made. Amounts designated as payments in lieu of wages will be pensionable
and subject to any applicable federal, state, or local taxes and payroll tax withholding
deductions and will be reported to the IRS on Form W-2. American will also pay all
employer contributions due on individual monetary awards under the Agreement, and the
employer contributions will not be deducted from the Settlement Class Members' award
or any of the individual monetary awards. Any amounts designated as interest will not be
subject to withholdings or contributions and will be reported, if required, to the IRS on
Form 1099-INT. The Settlement Class Members are each individually and solely
responsible for any taxes that may be assessed against them related to amounts
designated as interest. **BY ACCEPTING THE FINANCIAL BENEFIT WITH
INTEREST, SETTLEMENT CLASS MEMBERS ARE AGREEING TO
INDEMNIFY AMERICAN AND HOLD IT HARMLESS AGAINST ANY TAX
CLAIMS, ASSESSMENTS, DEMANDS, SETTLEMENTS, PENALTIES AND
INTEREST FOUND TO BE OWED BY THE SETTLEMENT CLASS MEMBERS
AS A RESULT OF ANY PAYMENT OF AMOUNTS DESIGNATED AS
INTEREST MADE PURSUANT TO THE AGREEMENT.**

3.      Release of Claims. In return for the benefits described above, as of the
date of entry of the Final Order, Members of the Settlement Class, on behalf of
themselves, their heirs, executors, personal representatives, administrators, successors,
agents, assigns, and all persons they represent (whether express, by implication or by

operation of law) in their capacity as such, will discharge and fully release all claims

against American, its parent, and each and all of their respective current and former

principals, partners, managers, shareholders, employees, directors, successors,

predecessors, assigns, insurers, agents, administrators, attorneys, trustees, accountants,

advisors, associates, executors, trusts, and representatives of any kind, under USERRA

by any of the Representative Plaintiffs and/or Settlement Class Members against any of

the Released Persons that arise out of, or are based upon, the Vacation Accrual Claim or

the Sick Leave Accrual Claim, including individual, or class claims, complaints,

grievances, liabilities, obligations, promises, agreements, damages, rights, debts, duties,

demands, controversies, liens, actions, administrative proceedings, sums of money,

lawsuits, interest, suits, judgments, decrees, penalties, sanctions, injuries, contributions,

indemnities, compensation, costs, losses, and expenses (including attorneys' fees and

expenses), fees, actions, potential actions, matters, issues, and controversies, whether

known or unknown, fixed or contingent, whether asserted or unasserted, whether pleaded

or unpleaded, whether suspected or unsuspected, from January 1, 2001, until

February 29, 2008 (the "Released Claims").

    4.    <u>The Final Order</u>.  Following the Fairness Hearing, the Parties have asked

the Court to enter a Final Order that:

        a.    Finally approves the Agreement as fair, reasonable and adequate as

to Members of the Settlement Class, and directs the consummation and

performance of the terms of the Agreement;

        b.    Finally certifies the Settlement Class;

c.    Finally approves the implementation of all the non-monetary and financial benefits to Representative Plaintiffs and Settlement Class Members under the Agreement;

d.    Provides that all Settlement Class Members shall be deemed to have released the Released Claims and shall be forever barred from prosecuting any action against American based on, or arising out of, the Released Claims;

e.    Enters a Final Order, finally dismissing the Litigation against American without prejudice, and extinguishing all Released Claims, such dismissal and extinguishment to be binding upon the Representative Plaintiffs and all Settlement Class Members;

f.    Provides that American is released and discharged from the Released Claims; and

g.    Retains jurisdiction over all matters relating to the modification, interpretation, implementation, effectuation, enforcement, and administration of the settlement as set forth in the Agreement.

III.    FAIRNESS HEARING ON THE PROPOSED SETTLEMENT

1.    A "Fairness Hearing" will be held on _____ _____, 2008 at _____, at the United States District Court, Northern District of Texas, 1100 Commerce Street, Courtroom 1570, Dallas, Texas, before the Honorable Barbara M.G. Lynn, to determine whether the proposed settlement should be finally approved as fair, reasonable and adequate. If approved, the Court will enter the Final Order, as described above, containing a release with respect to the vacation accrual and sick leave accrual USERRA

claims alleged in this action, and an Order dismissing this action without prejudice in accordance with the Agreement. The Fairness Hearing may be continued without further notice.

2.     IF YOU ARE SATISFIED WITH THIS PROPOSED SETTLEMENT AGREEMENT, YOU NEED NOT APPEAR AT THE HEARING.

3.     If you object to the fairness, reasonableness, or adequacy of the Agreement you must mail, postmarked by no later than _____ _____, 2008, a written objection containing the following information: (i) a statement of each objection asserted; (ii) a detailed description of the facts underlying each objection; (iii) a statement of whether the objector intends to appear and argue at the Fairness Hearing and, if so, how long the objector anticipates needing to present the objection; (iv) all exhibits and statements that the objector may offer during the Fairness Hearing; and (v) a list of all witnesses that the objector may call to testify live during the Fairness Hearing, and a summary of their anticipated testimony. Papers that are not received by counsel of record in an envelope postmarked no later than _____ _____, 2008, will not be considered by the Court. IF YOU DO NOT SUBMIT A TIMELY WRITTEN OBJECTION AND THE AGREEMENT IS APPROVED BY THE COURT, YOU WILL HAVE WAIVED YOUR RIGHT TO CHALLENGE ANY OF THE PROVISIONS IN THE AGREEMENT.

4.     Written objections must be mailed to:

Attorneys for the Representative Plaintiffs and the Class:

Esther G. Lander, Esq.
John P. Cunningham, Esq.
Andrew Braniff, Esq.
U.S. Department of Justice, Civil Rights Division
Employment Litigation Section

950 Pennsylvania Avenue, N.W.
Patrick Henry Building, Fourth Floor
Washington, DC   20530

Attorneys for American:

Ralph I. Miller, Esq.
Michelle Hartmann Murawski, Esq.
Weil, Gotshal & Manges LLP
200 Crescent Court, Suite 300
Dallas, TX   75201

5.      If you have submitted a written objection, you may, but are not required

to, appear at the Fairness Hearing on _____, 2008, personally or by counsel

of your own choosing and at your own expense, to show cause why the Agreement

should not be finally approved.  Only Settlement Class Members who submitted written

objections will be allowed to present arguments at the Fairness Hearing.

6.      Any Settlement Class Member who does not object in the manner

provided above shall be deemed to have waived his or her objection and shall forever be

foreclosed from objecting to the fairness or adequacy of the proposed Agreement.

7.      Objecting to the Agreement in the manner described above does not

constitute a request to be excluded from the settlement embodied in the Agreement.

Rather, an objection will allow the objector to be heard before the Agreement becomes

final.  Once the Agreement is finally approved by the Court, all Settlement Class

Members will be bound by its terms.

## IV.    ADDITIONAL INFORMATION

1.      This Public Notice is only a summary of this Litigation, the Agreement,

and the matters relating to them.  If you are a member of the Settlement Class and have

not yet received a copy of the detailed Notice of Proposed Settlement of Class Action and

Settlement Hearing ("Notice"), or if you wish to make inquiries with respect to the

Agreement, you may request a copy of the Notice or obtain answers regarding your questions by sending an e-mail message to AAClassActionPilots.2008@usdoj.gov. For more detailed information regarding the Agreement or this case, you may also review the complete Court files in this Litigation at the office of the Clerk of the Court of the United States District Court for the Northern District of Texas, 1100 Commerce Street, Room 1452, Dallas, Texas, during its regular business hours.

2.      Please do not contact American or counsel for American regarding inquiries relating to the Litigation and/or the Agreement.


By Order of the Court.

Dated:       Dallas, Texas

_____ _____, 2008

CLERK
United States District Court
Northern District of New York
1100 Commerce Street, Room 1452
Dallas, Texas  75242-1003

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK WOODALL,. | § | |
| MICHAEL P. MCMAHON, | § | |
| PAUL J. MADSON, | § | |
| Individually and on behalf of a class | § | |
| of all similarly situated persons, | § | Civil Action No. 3:06-CV-0072-M |
| | § | ECF |
| Plaintiffs, | § | Judge Barbara M.G. Lynn |
| | § | |
| v. | § | |
| | § | |
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS,
PRELIMINARILY APPROVING THE AGREEMENT, APPROVING
FORMS OF CLASS NOTICE AND SCHEDULING A FAIRNESS HEARING**

On this ___ day of _____, 2008, the Court considered the Parties' Agreed Joint

Motion for Conditional Certification of the Settlement Class, Preliminary Approval of the

Agreement, Approval of Forms of Class Notice, and Scheduling of a Fairness Hearing (the

"Motion"). All capitalized terms used in this Preliminary Order shall have the meaning as

defined in the Settlement Agreement (the "Agreement"), which is incorporated herein by

reference. After consideration of the Motion and the Agreement, this Court is of the opinion that

the Motion should be **GRANTED**.

**IT IS HEREBY ORDERED AND DECREED** as follows:

### A.    Preliminary Approval of the Agreement

1.    The Court has reviewed the Agreement, with all exhibits thereto, and

preliminarily finds that the Agreement is reasonable, adequate, fair, just, free of collusion to the

detriment of the Settlement Class, and within the range of possible judicial approval, subject to

the terms of the Agreement. The Court preliminarily approves the Agreement and specifically

DA1:\517489\04\B3@P04!.DOC\14013.0111

finds that: (i) the Agreement resulted from extensive arms' length negotiations; and (ii) the settlement evidenced by the Agreement is sufficient to warrant Notice thereof to putative Settlement Class Members, as well as a full hearing. The Court makes no finding on the ultimate issues to be determined at the Fairness Hearing. The Court further specifically finds that:

(a)  The Agreement adequately addresses the claims of Settlement Class Members for injunctive relief.

(b)  The Agreement adequately addresses the claims of the Vacation Accrual Sub-Class for incidental monetary recovery, because it will provide for substantial payments to be distributed fairly among the Representative Plaintiffs and Vacation Accrual Sub-Class in settlement of their past claims against American.

(c)  The Agreement adequately addresses the claims of the Sick Leave Accrual Sub-Class, because it provides that American shall provide substantial sick leave credits and incidental monetary payments to be distributed fairly among Representative Plaintiffs and members of the Sick Leave Accrual Sub-Class in settlement of their past claims against American.

**B.**  **Conditional Certification of the Settlement Class and Settlement Sub-Classes**

2.  Solely for purposes of settlement, and pursuant to Rule 23(a) and (b)(2), the Court provisionally finds as follows:

(a)  the Members of the Settlement Class and Members of the Settlement Sub-Classes are all so numerous that joinder of all members would be impracticable;

(b)  the Litigation and proposed settlement raise questions of law and

fact common to the claims of the Members of the Settlement Class and Members of the Settlement Sub-Classes;

(c)     the claims and defenses of the Representative Plaintiffs are typical of the claims of the Settlement Class and Settlement Sub-Classes;

(d)     in prosecuting the Litigation and negotiating and entering into the settlement, the Representative Plaintiffs and their counsel have fairly and adequately protected the interests of the Settlement Class and Settlement Sub-Classes, and will fairly and adequately represent the interests of the Settlement Class and Settlement Sub-Classes in connection with the settlement; and

(e)     American allegedly has acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the Settlement Class as a whole.

3.     Accordingly, for purposes of settlement only, the Court conditionally certifies a Settlement Class composed of:

> All Persons (including the Representative Plaintiffs) who are or
> were employed by American as pilots for any length of time from
> January 1, 2001 through February 29, 2008, inclusive, who have
> taken, were eligible to take, or may take a military leave of absence
> due to service in the United States Uniformed Services.

Further, for purposes of settlement only, the Court conditionally certifies a Sick Leave Accrual Sub-Class composed of all Settlement Class Members who did not obtain sick leave benefits during a month in which he or she took a Qualified Leave.

Further, the Court conditionally certifies a Vacation Accrual Sub-Class composed of all Settlement Class Members who did not obtain vacation benefits during a month in which he or she took a Qualified Leave during the Settlement Class Period.

4.     Any certification of a conditional or final Settlement Class or Settlement

Sub-Class under this Preliminary Order is for settlement purposes only and shall not constitute,

nor be construed as, an admission on the part of American that this Litigation, or any other

proposed or certified class action, is appropriate for class treatment pursuant to Rule 23 of the

Federal Rules of Civil Procedure or any similar class action statute or rule. If the Agreement is

terminated or is not consummated for any reason, the foregoing conditional certification of the

Settlement Class and Settlement Sub-Classes and provisional designation of class representatives

and class counsel shall be void and of no further force and effect and the Parties to the

Agreement shall be returned to the status each occupied before entry of this Preliminary Order

without prejudice to any legal argument that any of the Parties to the Agreement might have

asserted but for the Agreement, including, but not limited to, all legal arguments: (a) opposing

certification in this action and seeking decertification or modification of the Settlement Class or

Settlement Sub-Classes; and (b) terminating the Agreement as provided therein. Entry of this

Preliminary Order is without prejudice to the rights of American to oppose certification in any

other proposed or certified class action. The Court notes that because the proposed certification

of the class is in connection with a settlement rather than litigation, the Court need not resolve

issues of manageability presented by certification of a nationwide class proposed in the

complaint in this case.

        5.      Solely for purposes of settlement, the Court provisionally designates

plaintiffs Woodall, Madson, and McMahon as representatives of the Settlement Class and finds

them fair and adequate representatives of the interests of the Settlement Class with claims typical

of members of the Settlement Class. Further, plaintiffs Woodall and McMahon are provisionally

designated as Vacation Accrual Sub-Class representatives and are found to be fair and adequate

representatives of the interests of the Vacation Accrual Sub-Class with claims typical of

members of the Vacation Accrual Sub-Class. Plaintiff Woodall is provisionally designated as Sick Leave Accrual Sub-Class representative and is found to be a fair and adequate representative of the interests of the Sick Leave Accrual Sub-Class with claims typical of members of that sub-class. Counsel for Representative Plaintiffs, Esther G. Lander, John P. Cunningham, and Andrew Braniff, of the U.S. Department of Justice, Civil Rights Division, Employment Litigation Section, are found to be experienced and skilled attorneys capable of fairly and adequately representing the interests of the Settlement Class and Settlement Sub-Classes, and, solely for the purposes of settlement, are provisionally designated as Settlement Class Counsel.

C.    **Fairness Hearing: Right to Appear and Object**

6.    For purposes stated and defined in the Agreement, the Court hereby sets the following dates and deadlines:

| | |
|---|---|
| Deadline for mailing of Notice | [30 calendar days from the Preliminary Order] |
| Deadline for publishing the Public Notice | [15 calendar days from the Preliminary Order] |
| Objection Date | [30 calendar days prior to Fairness Hearing Date] |
| Deadline to file papers in support of the Agreement | [7 calendar days prior to Fairness Hearing Date] |
| Fairness Hearing Date | [40 calendar days from the Notice Date, at the Court's convenience] |

7.    The Fairness Hearing will be held on _____ ___, 2008 at ____.m. at the United States District Court, Northern District of Texas, 1100 Commerce Street, Dallas, Texas, to determine:

a.    whether the Court should finally certify the Settlement Class and Settlement Sub-Classes and whether Representative Plaintiffs and Settlement Class Counsel have

fairly and adequately represented the Settlement Class and Settlement Sub-Classes such that the provisional designations of them should be approved;

      b.      whether the notification provided to the Settlement Class and Settlement Sub-Classes, including the Notice, the Public Notice, and the establishment of a specified electronic mail inquiry address for the purpose of enabling Settlement Class Members to obtain copies of the Notice and to make inquiries with respect to the Agreement, are in full compliance with the notice requirements of due process under Rule 23(e)(1) of the Federal Rules of Civil Procedure;

      c.      whether the terms and conditions provided for in the Agreement should be finally approved by the Court as fair, reasonable and adequate;

      d.      whether the Litigation should be dismissed on the merits and without prejudice; and

      e.      such other matters as the Court may deem necessary or appropriate.

      8.      Any member of the Settlement Class or Settlement Sub-Classes may enter an appearance in the Litigation, at such member's own expense, individually or through counsel of such member's choice. Any such appearance shall be served on or prior to the date of its filing, on both Settlement Class Counsel and American's Counsel. Any member of the Settlement Class and/or Settlement Sub-Class who does not enter an appearance will be represented by Settlement Class Counsel.

      9.      Any Person who is legally entitled to object, and who desires to object to the final approval of the Agreement, and/or the relief granted therein must file a written objection, and may appear at the Fairness Hearing and show cause, by the Objection Date, why

the Agreement should not be approved as fair, reasonable and adequate, or why a Final Order, in

the form substantially the same as attached to the Agreement as Exhibit 4, should not be entered

approving the settlement; provided, however, that, in order to appear at the Fairness Hearing,

such Person must have served written notice of his or her intention to appear and all papers in

support of his or her objections upon (a) Esther G. Lander, Esq., John P. Cunningham, Esq., and

Andrew Braniff, Esq., U.S. Department of Justice, Civil Rights Division, Employment Litigation

Section, 950 Pennsylvania Avenue, N.W., Patrick Henry Building, Fourth Floor, Washington,

DC  20530, attorneys for the Representative Plaintiffs and the Class; and (b) Ralph I. Miller, Esq.

and Michelle Hartmann Murawski, Esq., of Weil, Gotshal & Manges LLP, 200 Crescent Court,

Suite 300, Dallas, TX  75201, attorneys for American, by the Objection Date.  The objections to

be filed by the Objection Date by any Person who is legally entitled to object and who wishes to

be considered at the Fairness Hearing should include the following:

        a.      A statement of each objection asserted;

        b.      A detailed description of the facts underlying each objection;

        c.      A statement of whether the objector intends to appear and argue at

the Fairness Hearing and, if so, how long the objector anticipates needing to present the

objection;

        d.      All exhibits and statements that the objector may offer during the

Fairness Hearing; and

        e.      A list of all witnesses that the objector may call to testify live

during the Fairness Hearing, and a summary of their anticipated testimony.

        10.      Unless otherwise ordered by the Court, any Settlement Class Member who

does not make his, her, or its objection in the manner provided for in this Preliminary Order and

by the Objection Date shall be deemed to have waived and be forever foreclosed and barred from asserting such objections.

### D.   Form and Timing of Settlement Class Notice

11.   The Parties have proposed a plan for giving notice to the Settlement Class by providing, through American, the Representative Plaintiffs and Members of the Settlement Class who are reasonably identifiable from American's databases with the Notice (attached to the Agreement as Exhibit 1) by first class mail to their last known address, and further providing for a Public Notice to be issued by publication on the Internet at https://www.aapilots.com. Additionally, the Parties have proposed that Settlement Class Counsel establish a specific electronic mail inquiry address, to be identified in the Public Notice and Notice, for the purpose of enabling Settlement Class Members to obtain copies of the Notice and to make inquiries with respect to the Agreement.  As proposed by the Parties, it shall be the responsibility of Settlement Class Counsel to respond to inquiries of Settlement Class Members, pursuant to the electronic mail inquiry address or otherwise, as appropriate.

12.   The Court approves, as to both form and content, the Notice and the Public Notice, and finds that each meets the requirements of Rule 23 and due process, is appropriate notice to the Settlement Class and Settlement Sub-Classes, and shall constitute due and sufficient notice to all Persons entitled thereto, and complies fully with the requirements of federal law, the Constitution of the United States, and any other applicable law.  Accordingly, American shall mail the Notice, in the form annexed hereto as Exhibit A, via first class postage to the last known address of the Representative Plaintiffs and all Persons whom the Parties through their best efforts have been able to determine are Settlement Class Members, no later than thirty (30) days after the entry of this Preliminary Order.  American further shall cause a Public Notice, in the form annexed hereto as Exhibit B, to be published on the Internet at

https://www.aapilots.com no later than fifteen (15) days after the entry of this Preliminary Order. And, Settlement Class Counsel shall establish a specified electronic mail inquiry address, which shall be identified in the Public Notice and Notice, for the purpose of enabling Settlement Class Members to obtain copies of the Notice and to make inquiries with respect to the Agreement. It shall be the responsibility of Settlement Class Counsel to respond to inquiries of Settlement Class Members, pursuant to the electronic mail inquiry address or otherwise, as appropriate. The Parties shall maintain the electronic mail inquiry address for six (6) months after the Effective Date of the Agreement, if said Effective Date occurs.

13. At or before the Fairness Hearing, American shall file with the Court a proof of mailing of the Notice and of publication of the Public Notice.

**E.     Notice Pursuant to Class Action Fairness Act**

14. The Court finds that American has timely filed notifications of this settlement with the appropriate state and federal officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. These notifications apprised the appropriate officials that, in connection with the approval of this settlement, American would seek certification from this Court that their respective notifications complied with any applicable CAFA requirements. The Court has reviewed such notifications and accompanying materials and finds that American's notifications comply fully with any applicable requirements of CAFA.

**F.     Miscellaneous Provisions**

15. Unless and until the Agreement is terminated pursuant to its provisions and/or the Litigation dismissed in the Final Order, all discovery, motions, pleadings, and other activity in the Litigation affecting the Parties shall be stayed except to the extent necessary to effectuate the Agreement. Pending final determination of whether the Agreement should be finally approved and the Settlement Class and Settlement Sub-Classes finally certified, all

Members of the Settlement Class and Settlement Sub-Classes are hereby barred and enjoined from commencing or prosecuting any action asserting any Released Claims.

16.     The findings and rulings in this Preliminary Order are made solely for the purposes of settlement and may not be cited or otherwise used to support the certification of any contested class or subclass in this Litigation or in any other action.

17.     Non-substantive and changes necessary to correct any inconsistency between the forms approved by the Court and the Agreement may be made by the mutual agreement of Settlement Class Counsel and American's counsel.

18.     Neither the Agreement nor any provision therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any Members of the Settlement Class, Settlement Sub-Classes, or American, or any other person of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Litigation are or are not meritorious, and neither the Agreement nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature.

19.     If logistical problems exist or arise with implementing this Preliminary Order, then the Parties shall bring such problems to the attention of this Court for resolution by subsequent order of this Court.

20.     The Clerk of the Court is authorized, directed, and ordered to sign and date the Notice and Public Notice approved by this Preliminary Order, with such modifications as may be authorized by this Preliminary Order.

21.     One or both of the Parties shall file with the Clerk of the Court a

memorandum in support of final approval of the settlement no later than seven (7) days prior to

the Fairness Hearing Date.

22.    The Agreement and all papers in support thereof shall be available for

inspection at the office of the Clerk of the Court.

23.    The Court hereby reserves the right (a) to approve the Agreement, with

such modifications as may be agreed to by the Parties thereto, without further notice, and (b) to

adjourn the Fairness Hearing from time to time, by oral announcement at the hearing, without

further written notice to the Settlement Class Members.

SO ORDERED.

DATED: _____ ____, 2008


_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK WOODALL, | § | |
| MICHAEL P. MCMAHON, | § | |
| PAUL J. MADSON, | § | |
| Individually and on behalf of a class | § | |
| of all similarly situated persons, | § | Civil Action No. 3:06-CV-0072-M |
| | § | **ECF** |
| Plaintiffs, | § | Judge Barbara M.G. Lynn |
| | § | |
| v. | § | |
| | § | |
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

## FINAL ORDER APPROVING SETTLEMENT, CERTIFYING CLASS, AND DIRECTING DISMISSAL

The Settlement Agreement, dated _____ ___, 2008 (the "Agreement"), which has been executed by counsel on behalf of the Parties[1] to this action, provides for the settlement of this Litigation on behalf of the Representative Plaintiffs and the Settlement Class Members, subject to final approval by this Court of its terms and to the entry of this Final Order.

Pursuant to the Preliminary Order dated _____ ___, 2008, conditionally certifying the Settlement Class, preliminarily approving of the Agreement, approving the Notice and Public Notice, and scheduling the Fairness Hearing, the Court directed that the approved Notice be delivered to Members of the Settlement Class individually and the approved Public Notice be published on https://www.aapilots.com.

American denies any wrongdoing, fault, violation of law, or liability for damages or injunctive relief of any sort. American objected, and continues to object, to the certification of

---

[1] All capitalized terms used in this Final Order shall have the same meaning as defined in the Agreement on file in this Litigation.

any class except certification of the Settlement Class for settlement purposes only.

The Parties have applied to the Court for final approval of the Agreement, and the Parties have submitted this Final Order for entry.  A Fairness Hearing was held before this Court on _____ ____, 2008, to consider, among other things, whether the Agreement should be finally approved by this Court as fair, reasonable, and adequate, and whether the Settlement Class and Settlement Sub-Classes should be finally certified pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.

After considering (i) the memoranda submitted on behalf of the Representative Plaintiffs; (ii) the Agreement and all exhibits thereto; (iii) the record of this proceeding, including the evidence presented at the Fairness Hearing; (iv) the representations and arguments of counsel for the respective Parties; and (v) the relevant law based upon the findings of fact and law identified below and implicit in this Final Order:

It is hereby ORDERED, ADJUDGED, AND DECREED that:

1.      The Agreement is the product of good faith, arms' length negotiations by the Parties, each of whom was represented by experienced counsel.

A.      **Certification of the Settlement Class**

2.      The Court, solely for purposes of this settlement, finds as follows:

(a)      the members of the Settlement Class, the Sick Leave Accrual Sub-Class, and the Vacation Accrual Sub-Class are all so numerous that joinder of all members would be impracticable;

(b)      the Litigation and proposed settlement raise questions of law and fact common to the claims of the members of the Settlement Class and Settlement Sub-Classes;

(c)      the claims and defenses of the Representative Plaintiffs are typical

of the claims of the Settlement Class and Settlement Sub-Classes;

(d)     in prosecuting the Litigation and negotiating and entering into the settlement, the Representative Plaintiffs have fairly and adequately protected the interests of the Settlement Class and Settlement Sub-Classes, and have fairly and adequately represented the Settlement Class and Settlement Sub-Classes;

(e)     in prosecuting the Litigation and negotiating and entering into the Agreement, Settlement Class Counsel are adequate, qualified, experienced and competent to protect the interests of the Settlement Class, and in fact have fairly and adequately represented the interests of the Settlement Class; and

(f)     American allegedly has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the Settlement Class as a whole, and the monetary damages to be provided pursuant to the Agreement to the members of the Vacation Accrual Sub-Class and the Sick Leave Accrual Sub-Class are incidental to the injunctive relief.

3.     Accordingly, this Court finds that the Settlement Class and Settlement Sub-Classes as proposed in the Agreement meet all of the requirements for certification of a class under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.  Accordingly, the Court finally certifies a Settlement Class composed of:

> All persons (including the Representative Plaintiffs) who are or
> were employed by American as pilots for any length of time from
> January 1, 2001 through February 29, 2008, inclusive, who have
> taken, were eligible to take, or may take a military leave of absence
> due to service in the United States Uniformed Services.

4.     Further, the Court finally certifies a Sick Leave Accrual Sub-Class composed of all Settlement Class Members who did not obtain sick leave benefits during a month in which he or she took a Qualified Leave.

5.    Further, the Court finally certifies a Vacation Accrual Sub-Class composed of all Settlement Class Members who did not obtain vacation benefits during a month in which he or she took a Qualified Leave.

6.    The Court approves the designation of the Esther G. Lander, John P. Cunningham, and Andrew Braniff, of the U.S. Department of Justice, Civil Rights Division, Employment Litigation Section, as Settlement Class Counsel.

**B.    Notice to the Settlement Class Members**

7.    In accordance with the Agreement and the Preliminary Order, Notice was published to the Members of the Settlement Class and Settlement Sub-Classes who are reasonably identifiable from American's databases by first class mail; a Public Notice was issued by publication on https://www.aapilots.com; and the Settlement Class Counsel established a specific electronic mail inquiry address for the purpose of enabling Settlement Class Members to obtain copies of the Notice and to make inquiries with respect to the Agreement. This notification was in full compliance with the notice requirements of due process, federal law, the Constitution of the United States, and any other applicable law.

**C.    Notice Pursuant to Class Action Fairness Act**

8.    The Court has previously found, in its order dated _____ ___, 2008, that American fully complied with the notice provisions pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

**D.    Approval of the Agreement**

9.    The Court finally approves the Agreement and all terms set forth therein and finds that the Agreement is, in all respects, fair, reasonable and adequate and in the best interest of all Settlement Class Members, and the Parties are directed to consummate and perform its terms.

10.    The injunctive relief to be provided to the Settlement Class and the incidental monetary relief to be provided to the Settlement Sub-Classes contained in the Agreement are hereby approved as fair, reasonable and adequate.

**E.    Injunctive Relief**

11.    Accordingly, pursuant to the terms of the Agreement, American is hereby enjoined as follows:

(a)    If and when this Final Order becomes Final, without reversal, to three years thereafter, American shall comply with the provisions of USERRA.

(b)    If and when this Final Order becomes Final, without reversal, to three years thereafter, American shall provide all currently employed pilots who are in the Uniformed Services and who take a Qualified Leave all vacation and sick leave benefits that would be afforded such pilots if they were not absent for such Qualified Leave.

(c)    If and when this Final Order becomes Final, without reversal, to three years thereafter, American shall make the Agreement available to all pilots and flight management personnel on the Internet at https://www.aapilots.com.

(d)    If and when this Final Order becomes Final, without reversal, to three years thereafter, American shall, if necessary, modify any agreement, practice, order, or policy currently in place to ensure that all currently employed pilots who are in the Uniformed Services and who take a Qualified Leave are provided all vacation and sick leave benefits that would be afforded them if they were not absent for such Qualified Leave.  Further, if and when this Final Order becomes Final, without reversal, to three years thereafter, American shall not establish or adopt any agreement, practice, order, or policy unless it ensures that

all pilots who are in the Uniformed Services and who take a Qualified Leave are provided all vacation and sick leave benefits that would be afforded such pilots if they were not absent for such Qualified Leave.

(e)     If and when this Final Order becomes Final, without reversal, to three years thereafter, and although no such allegations have been raised in this Litigation, American shall continue to not take any action against any future, current, or former employee because he or she has opposed discrimination on the basis of membership in the Uniformed Services, filed a charge of a violation of USERRA, testified, furnished information or participated in any manner in any investigation, proceeding or hearing in connection with any charge or complaint of a violation of USERRA, or participated in any manner in connection with the monitoring or implementation of the Agreement, or sought and/or received any monetary and/or non-monetary relief pursuant to the Agreement.

12.     Upon American's implementation of all the remedial relief to Representative Plaintiffs and Settlement Class Members in accordance with paragraphs 4.2 and 10.1 of the Agreement (i.e., non-monetary and monetary awards), American shall file with the Court, and serve upon Settlement Class Counsel a final written certification signifying that all remedial relief to Representative Plaintiffs and Settlement Class Members has been implemented. Such final written certification shall set forth and include: the identity, by redacted employee identification number, of each Representative Plaintiff or Settlement Class Member who received remedial relief under the Agreement, as well as a description of the monetary and/or non-monetary relief received; the identity, by redacted employee identification number, of each Representative Plaintiff or Settlement Class Member who rejected remedial

relief under the Agreement, as well as a description of the monetary and/or non-monetary relief rejected; the amount of monetary relief, if any, that went undistributed and the reasons therefor; and any supporting documents, records and information relating to the implementation of the remedial relief to Representative Plaintiffs or Settlement Class Members under the Agreement that American deems necessary.

13.     After the Effective Date and for nine months thereafter, Settlement Class Counsel may make up to three (3) written inquiries upon American regarding the status of distributing the monetary awards and providing the other remedial relief set forth in paragraph 4.2 of the Agreement.  Settlement Class Counsel may make such inquiry upon American no more than once every thirty (30) days.  Settlement Class Counsel may also make written inquiry upon American during the Injunctive Period regarding the status of the prospective injunctive benefits set forth in paragraph 4.1 of the Agreement.  Settlement Class Counsel may make the latter inquiry upon American no more than once every ninety (90) days and no more than three (3) times per year.  American shall respond within thirty (30) days to any such written inquiry.

F.     **Trip Bidding Claim**

14.     Plaintiff Madson's claim in the Second Amended Complaint concerning the Trip Bidding Claim has not been certified, and is mooted by a separate settlement agreement between plaintiff Madson and American, and is hereby dismissed with prejudice as to plaintiff Madson refiling same.

G.     **Objections to the Proposed Settlement**

15.     Any and all objections to the Agreement have been considered and are hereby found to be without merit and overruled.

**H.     Release and Dismissal**

16.     All Settlement Class Members shall be deemed to have released all of their Released Claims, and shall be forever barred from prosecuting any action against the Released Persons based on or arising out of the Released Claims.

17.     American and the Related Parties are hereby released and discharged from the Released Claims.

**I.     Dismissal**

18.     The Court hereby dismisses all claims as against American in the Litigation without prejudice, with the exception of plaintiff Madson's Trip Bidding Claim, which is dismissed with prejudice as to plaintiff Madson refiling same.

**J.     Appeal**

19.     This Final Order is a final decision and is appealable pursuant to 28 U.S.C. § 1291.

**K.     Continuing Jurisdiction**

20.     The Court hereby reserves jurisdiction over all matters relating to the modification, interpretation, implementation, effectuation, enforcement, and administration of the settlement as set forth in the Agreement, which is hereby incorporated herein by reference, and the Final Order, which jurisdiction may be called upon by filing a motion to enforce for alleged failure to comply with their terms.

**L.     Attorneys' Fees, Costs**

21.     Each party shall bear its own attorneys' fees and costs.

**M.     Material Modification**

22.     In the event that the terms of the Agreement or this Final Order are materially modified upon any appeal, either Party may seek to set aside this Final Order upon

application to this Court within twenty (20) days of such material modification.

**SO ORDERED.**

DATED: _____ _____, 2008

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS