


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK WOODALL, <br> MICHAEL P. MCMAHON, <br> PAUL J. MADSON, <br> Individually and on behalf of a class <br> of all similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN AIRLINES, INC., <br><br> Defendant. | § § § § § § § § § § § § § | Civil Action No. 3:06-CV-0072-M <br> **ECF** <br> Judge Barbara M.G. Lynn |

## [~~SECOND PROPOSED~~] FINAL ORDER APPROVING SETTLEMENT, CERTIFYING CLASS, AND DIRECTING DISMISSAL

The Settlement Agreement, dated April 16, 2008, and First Amendment thereto, dated July 21, 2008 (collectively, the "Agreement"), which has been executed by counsel on behalf of the Parties[1] to this action, provides for the settlement of this Litigation on behalf of the Representative Plaintiffs and the Settlement Class Members, subject to final approval by this Court of its terms and to the entry of this Final Order.

Pursuant to the Preliminary Order dated May 13, 2008, conditionally certifying the Settlement Class, preliminarily approving of the Agreement, approving the Notice and Public Notice, and scheduling the Fairness Hearing, the Court directed that the approved Notice be delivered to Members of the Settlement Class individually and the approved Public Notice be published on https://www.aapilots.com.

American denies any wrongdoing, fault, violation of law, or liability for damages

---

[1] All capitalized terms used in this Final Order shall have the same meaning as defined in the Agreement on file in this Litigation.

or injunctive relief of any sort. American objected, and continues to object, to the certification of any class except certification of the Settlement Class for settlement purposes only.

The Parties have applied to the Court for final approval of the Agreement, and the Parties have submitted this Final Order for entry. A Fairness Hearing was held before this Court on July 24, 2008, ~~July 30, 2008 + Aug. 1, 2008 (MJL)~~ to consider, among other things, whether the Agreement should be finally approved by this Court as fair, reasonable, and adequate, and whether the Settlement Class and Settlement Sub-Classes should be finally certified pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.

After considering (i) the memoranda submitted on behalf of the Representative Plaintiffs; (ii) the Agreement and all exhibits thereto; (iii) the record of this proceeding, including the evidence presented at the Fairness Hearing; (iv) the representations and arguments of counsel for the respective Parties; and (v) the relevant law based upon the findings of fact and law identified below and implicit in this Final Order:

It is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Agreement is the product of good faith, arms' length negotiations by the Parties, each of whom was represented by experienced counsel.

A. **Certification of the Settlement Class**

2. The Court, solely for purposes of this settlement, finds as follows:

(a) the members of the Settlement Class, the Sick Leave Accrual Sub-Class, and the Vacation Accrual Sub-Class are all so numerous that joinder of all members would be impracticable;

(b) the Litigation and proposed settlement raise questions of law and fact common to the claims of the members of the Settlement Class and Settlement Sub-Classes;

(c) the claims and defenses of the Representative Plaintiffs are typical of the claims of the Settlement Class and Settlement Sub-Classes;

(d) in prosecuting the Litigation and negotiating and entering into the settlement, the Representative Plaintiffs have fairly and adequately protected the interests of the Settlement Class and Settlement Sub-Classes, and have fairly and adequately represented the Settlement Class and Settlement Sub-Classes;

(e) in prosecuting the Litigation and negotiating and entering into the Agreement, Settlement Class Counsel are adequate, qualified, experienced and competent to protect the interests of the Settlement Class, and in fact have fairly and adequately represented the interests of the Settlement Class; and

(f) American allegedly has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the Settlement Class as a whole, and the monetary damages to be provided pursuant to the Agreement to the members of the Vacation Accrual Sub-Class and the Sick Leave Accrual Sub-Class are incidental to the injunctive relief.

3. Accordingly, this Court finds that the Settlement Class and Settlement Sub-Classes as proposed in the Agreement meet all of the requirements for certification of a class under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. Accordingly, the Court finally certifies a Settlement Class composed of:

> All persons (including the Representative Plaintiffs) who are or were employed by American as pilots for any length of time from January 1, 2001 through February 29, 2008, inclusive, who have taken, were eligible to take, or may take a military leave of absence due to service in the United States Uniformed Services.

4. Further, the Court finally certifies a Sick Leave Accrual Sub-Class composed of all Settlement Class Members who did not obtain sick leave benefits during a month in which he or she took a Qualified Leave.

5. Further, the Court finally certifies a Vacation Accrual Sub-Class composed of all Settlement Class Members who did not obtain vacation benefits during a month in which he or she took a Qualified Leave.

6. The Court approves the designation of the Esther G. Lander, John P. Cunningham, and Andrew Braniff, of the U.S. Department of Justice, Civil Rights Division, Employment Litigation Section, as Settlement Class Counsel.

**B.     Notice to the Settlement Class Members**

7. In accordance with the Agreement and the Preliminary Order, Notice was published to the Members of the Settlement Class and Settlement Sub-Classes who are reasonably identifiable from American's databases by first class mail; a Public Notice was issued by publication on https://www.aapilots.com; and the Settlement Class Counsel established a specific electronic mail inquiry address for the purpose of enabling Settlement Class Members to obtain copies of the Notice and to make inquiries with respect to the Agreement. This notification was in full compliance with the notice requirements of due process, federal law, the Constitution of the United States, and any other applicable law.

**C.     Notice Pursuant to Class Action Fairness Act**

8. The Court has previously found, in its order dated May 13, 2008, that American fully complied with the notice provisions pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

**D.     Approval of the Agreement**

9. The Court finally approves the Agreement and all terms set forth therein

and finds that the Agreement is, in all respects, fair, reasonable and adequate and in the best interest of all Settlement Class Members, and the Parties are directed to consummate and perform its terms.

10. The injunctive relief to be provided to the Settlement Class and the incidental monetary relief to be provided to the Settlement Sub-Classes contained in the Agreement are hereby approved as fair, reasonable and adequate.

### E.  Injunctive Relief

11. Accordingly, pursuant to the terms of the Agreement, American is hereby enjoined as follows:

(a) If and when this Final Order becomes Final, without reversal, to three years thereafter, American shall comply with the provisions of USERRA.

(b) If and when this Final Order becomes Final, without reversal, to three years thereafter, American shall provide all currently employed pilots who are in the Uniformed Services and who take a Qualified Leave all vacation and sick leave benefits that would be afforded such pilots if they were not absent for such Qualified Leave.

(c) If and when this Final Order becomes Final, without reversal, to three years thereafter, American shall make the Agreement available to all pilots and flight management personnel on the Internet at https://www.aapilots.com.

(d) If and when this Final Order becomes Final, without reversal, to three years thereafter, American shall, if necessary, modify any agreement, practice, order, or policy currently in place to ensure that all currently employed pilots who are in the Uniformed Services and who take a Qualified Leave are provided all vacation and sick leave benefits that would be afforded them if they

were not absent for such Qualified Leave. Further, if and when this Final Order becomes Final, without reversal, to three years thereafter, American shall not establish or adopt any agreement, practice, order, or policy unless it ensures that all pilots who are in the Uniformed Services and who take a Qualified Leave are provided all vacation and sick leave benefits that would be afforded such pilots if they were not absent for such Qualified Leave.

(e) If and when this Final Order becomes Final, without reversal, to three years thereafter, and although no such allegations have been raised in this Litigation, American shall continue to not take any action against any future, current, or former employee because he or she has opposed discrimination on the basis of membership in the Uniformed Services, filed a charge of a violation of USERRA, testified, furnished information or participated in any manner in any investigation, proceeding or hearing in connection with any charge or complaint of a violation of USERRA, or participated in any manner in connection with the monitoring or implementation of the Agreement, or sought and/or received any monetary and/or non-monetary relief pursuant to the Agreement.

12. Upon American's implementation of all the remedial relief to Representative Plaintiffs and Settlement Class Members in accordance with paragraphs 4.2, 10.1, and the First Amended exhibits of the Agreement (i.e., non-monetary and monetary awards), American shall file with the Court, and serve upon Settlement Class Counsel a final written certification signifying that all remedial relief to Representative Plaintiffs and Settlement Class Members has been implemented. Such final written certification shall set forth and include: the identity, by redacted employee identification number, of each Representative Plaintiff or

Settlement Class Member who received remedial relief under the Agreement, as well as a description of the monetary and/or non-monetary relief received; the identity, by redacted employee identification number, of each Representative Plaintiff or Settlement Class Member who rejected remedial relief under the Agreement, as well as a description of the monetary and/or non-monetary relief rejected; the amount of monetary relief, if any, that went undistributed and the reasons therefor; and any supporting documents, records and information relating to the implementation of the remedial relief to Representative Plaintiffs or Settlement Class Members under the Agreement that American deems necessary.

13. After the Effective Date and for nine months thereafter, Settlement Class Counsel may make up to three (3) written inquiries upon American regarding the status of distributing the monetary awards and providing the other remedial relief set forth in paragraph 4.2 of the Agreement. Settlement Class Counsel may make such inquiry upon American no more than once every thirty (30) days. Settlement Class Counsel may also make written inquiry upon American during the Injunctive Period regarding the status of the prospective injunctive benefits set forth in paragraph 4.1 of the Agreement. Settlement Class Counsel may make the latter inquiry upon American no more than once every ninety (90) days and no more than three (3) times per year. American shall respond within thirty (30) days to any such written inquiry.

**F.  Trip Bidding Claim**

14. Plaintiff Madson's claim in the Second Amended Complaint concerning the Trip Bidding Claim has not been certified, and is mooted by a separate settlement agreement between plaintiff Madson and American, and is hereby dismissed with prejudice as to plaintiff Madson refiling same.

G. **Objections to the Proposed Settlement**

15. Any and all objections to the Agreement have been considered and are hereby found to be without merit and overruled.

H. **Release and Dismissal**

16. All Settlement Class Members shall be deemed to have released all of their Released Claims, and shall be forever barred from prosecuting any action against the Released Persons based on or arising out of the Released Claims.

17. American and the Related Parties are hereby released and discharged from the Released Claims.

I. **Dismissal**

18. The Court hereby dismisses all claims as against American in the Litigation without prejudice, with the exception of plaintiff Madson's Trip Bidding Claim, which is dismissed with prejudice as to plaintiff Madson refiling same.

J. **Appeal**

19. This Final Order is a final decision and is appealable pursuant to 28 U.S.C. § 1291.

K. **Continuing Jurisdiction**

20. The Court hereby reserves jurisdiction over all matters relating to the modification, interpretation, implementation, effectuation, enforcement, and administration of the settlement as set forth in the Agreement, which is hereby incorporated herein by reference, and the Final Order, which jurisdiction may be called upon by filing a motion to enforce for alleged failure to comply with their terms.

L. **Attorneys' Fees, Costs**

21. Each party shall bear its own attorneys' fees and costs.

M. **Material Modification**

22. In the event that the terms of the Agreement or this Final Order are materially modified upon any appeal, either Party may seek to set aside this Final Order upon application to this Court within twenty (20) days of such material modification.

**SO ORDERED.**

DATED: _____8/1_____, 2008

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

# CASE CLOSED

**CASE NUMBER:** 3:06-cv-072-M

**DATE:** 08/01/08

**TRIAL: YES** _____ **NO** X